*In re* MARRIAGE OF DELORIS TOLLISON, Petitioner-Appellee, and JOHN TOLLISON, Respondent-Appellant.

Fifth District   No. 5—89—0734

Opinion filed January 29, 1991.

18

Law Offices of Bill T. Walkier, of Granite City (Ronald D. Lowery, of counsel), for appellant.

Storment & Read, of Belleville, for appellee.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Deloris Tollison filed a petition for dissolution of marriage in the circuit court of St. Clair County against John Tollison on November 28, 1983. The parties had eight children, five of whom were minors at the time. John was subsequently ordered to pay $500 per month in temporary child support. On January 13, 1984, John filed a petition to modify alleging that Deloris had voluntarily relinquished custody of three of the minor children to him.

A judgment of dissolution was entered on April 4, 1984. Deloris was given custody of two of the minor children and John was given custody of the other three. John was ordered to pay $25 per week per child in child support and $213.76 per month in maintenance. The maintenance award was to be paid in 35 equal monthly installments

through a wage deduction order of $213.76, and one payment of $78.20. An order of withholding was entered ordering John's employer to withhold $106.85 per check for 70 pay periods and $78.20 for one pay period, plus $25 per week to pay for a $175 arrearage.

On April 4, 1985, Deloris filed a petition for contempt and for attorney fees, alleging that John had failed to make maintenance and support payments since November of 1984. On May 7, 1985, Deloris petitioned to change custody of the minor child Crystal on grounds that Crystal had resided with her since February 1, 1985.

On May 23, 1985, a hearing was held after which the court granted Deloris custody of Crystal, found $3,000 in support arrearages, ordered John to pay child support for Crystal in the amount of $35 per week, and ordered John's employer to be served with a withholding order for $300 per pay period with $47 being credited to the arrearage. A withholding order was entered for $276.50 per check for child support and $23.50 per check for arrearages.

On February 14, 1989, John filed a motion for clarification alleging that he believed he had complied with prior court orders regarding support and maintenance and requesting the court to hold a hearing to identify any other sums he owed to Deloris.

On March 27, 1989, Deloris filed a petition to modify child support for the two minor children in her custody and requesting that John pay unreimbursed medical bills and attorney fees. John responded on June 12, 1989, denying that Deloris had custody of three minor children, but admitting that she had legal custody of two, and that all the minor children were covered by his medical insurance policy through his place of work.

On August 29, 1989, the court entered an order increasing the amount of child support to $210 biweekly, retroactive to March 27, 1989, and also found that while John's obligations since the order of May 23, 1985, totaled $23,115.92, he had paid $27,810.75, for an overpayment of $4,697.78, all by virtue of the withholding order. The court gave the parties seven days to submit memoranda regarding the overpayment, but neither party could find any authority on point. On October 5, 1989, the court entered an order stating that no grounds existed to reimburse John for the overpayment, and John Tollison appeals.

There is little case law dealing with the subject of overpayment, and that which does exist deals with voluntary overpayments of child support. Indeed, the parties found no Illinois cases addressing the issue before us.

■ The general rule is no credit is given for voluntary overpay-

ments of child support, even if made under the mistaken belief that they are legally required. (*Harner v. Harner* (1982), 105 Ill. App. 3d 430, 434 N.E.2d 465.) Reasons given for this rule include that one party should not be allowed to unilaterally modify the divorce decree and that credit might result in potential deprivation of future benefits. (*Harner*, 105 Ill. App. 3d at 433, 434 N.E.2d at 468; see also *Raczynski v. Raczynski* (1976), 558 P. 2d 425.) As we noted, however, the situation presented in this case is clearly different. The overpayment here consists of both maintenance and child support, and was not voluntarily made, but was the result of a wage deduction order. The amount being deducted by the order was the same amount specified in the August 23, 1985, order. It is not clear from the record exactly how the overpayment occurred, and while Deloris Tollison maintains that it resulted from the oldest child's having attained majority, neither party disputes that the overpayment occurred or the amount thereof.

●■ ■ Numerous exceptions to the general rule mentioned above have been made where the equities of the circumstances so demand, provided such allowance will not work a hardship. (See *Farmer v. Farmer* (1978), 147 Ga. App. 387, 249 S.E.2d 106.) If equity may demand that credit be given for voluntary payments, it is certainly proper to give credit where the overpayment is the result of a wage deduction order. John Tollison paid more through the deduction order than he was obligated to pay, and he cannot be denied relief simply because no procedural mechanism or current legal theory exists to undo the error. The law is replete with legal theories such as constructive trusts, implied in law contracts, etc., the underlying principle of which is that one person should not profit at the expense of another because of a wrong or a mistake. These doctrines were crafted to provide justice where it otherwise would not be done. While there appears to be no precedent providing that Tollison must be given credit for his involuntary overpayments, fundamental fairness demands that such credit be given. Deloris Tollison argues that because of his failure to take action to prevent the overpayment in the first place and because of her reliance thereon, John Tollison is equitably estopped from seeking reimbursement. She also argues that he waived any right to reimbursement by virtue of this delay. Both arguments overlook the fact that the overpayment was a result of a court wage deduction order, and that John Tollison had, in February of 1989, filed a motion for clarification wherein he indicated he had been seeking clarification of the correct amount owed but to no avail. This was sufficient to put Deloris Tollison on notice that he was not waiv-

ing any rights and to preclude any reliance on her part on the overpayments. As the record is insufficient to determine how credit may best be given without working a deprivation on the children, however, we must remand this case to the trial court. We hold that Tollison must be given credit for his overpayment and remand to the circuit court for further proceedings not inconsistent with this opinion.

The judgment of the circuit court of St. Clair County is reversed and remanded.

Reversed and remanded.

HARRISON and HOWERTON, JJ., concur.