*In re* MARRIAGE OF BRENDA SMAK, n/k/a Brenda Fagan, Petitioner-Appellee, and JAMES M. SMAK, Respondent-Appellant.

Second District   No. 2—93—0399

Opinion filed October 18, 1994.

Steven J. McArdle, of Clark, Rehberg & McArdle, P.C., of Crystal Lake, for appellant.

William G. Rosing and Suzanne A. Lindsay, both of Rosing, Applehans, Smith, Ericksen & Zeit, Ltd., of Waukegan, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Respondent, James Smak, appeals from the dismissal, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), of his petition for reimbursement of child support. Respondent's petition sought reimbursement from petitioner in the amount of $12,077, for sums he had paid to petitioner for child support, attorney fees, and related expenses incurred following the entry of a judgment of dissolution of marriage between petitioner and respondent.

The following is a brief summary of the facts. The parties' marriage was ended by a judgment of dissolution entered on March 29, 1989. A marital settlement agreement was incorporated into the judgment requiring respondent to pay $300 per month to petitioner for support of the parties' minor child, Jacquelyn. On November 6, 1991, petitioner filed a complaint to establish parentage, alleging that her new husband, Charles Fagan, was actually Jacquelyn's father. On June 10, 1992, an order was entered in that cause declaring Charles Fagan to be the father, terminating respondent's financial obligations regarding Jacquelyn, and reserving the issue of past child support and other expenses.

On September 24, 1992, respondent filed a petition for reimbursement seeking repayment of the child support he had paid on behalf of Jacquelyn since the dissolution of the parties' marriage. Petitioner filed a motion to dismiss, presumably under section 2—615 of the Code of Civil Procedure. On November 4, 1992, the trial court granted this motion, finding that the petition for reimbursement failed to state a cause of action and noting that the child support was paid at a time when there was a finding that respondent was Jacquelyn's father and that repayment of the money would work a hardship on Jacquelyn.

■ Preliminarily, we note that neither petitioner's motion to dismiss nor the trial court's order of dismissal specified the section of the Code of Civil Procedure under which the motion to dismiss was filed. The practice of filing unlabeled motions is strongly discouraged. (*Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642.) However, the failure to label the motion in the present case seems to have caused no prejudice to respondent and reversal on this ground is not, therefore, required. (*Premier*, 115 Ill. App. 3d at 642.) The trial court and the parties have treated the motion as one brought under section 2—615, and we construe it as such.

■ A pleading should not be dismissed under section 2—615 unless it clearly appears that no set of facts can be proved which will entitle the pleader to relief. (*Faulkner v. Gilmore* (1993), 251 Ill. App. 3d 34, 37.) However, a complaint must set forth a legally recognized cause of action and plead facts which bring the complaint within the cause of action alleged. (*Betts v. Crawshaw* (1993), 248 Ill. App. 3d 735, 737.) Complaints reviewed under section 2—615 are to be liberally construed, but if a complaint does not state a cause of action, that deficiency cannot be cured by liberal construction. (*Faulkner,* 251 Ill. App. 3d at 37.) The decision to grant a section 2—615 motion is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. (*La Salle National Trust, N.A. v. Village of Mettawa* (1993), 249 Ill. App. 3d 550, 557.) In the present case, we are unable to discern the specific legal theory underlying respondent's petition for reimbursement. The petition merely recites a series of facts and prays for monetary relief, without any express indication of why these facts should lead the court to grant the relief sought. However, under Illinois' liberal pleading rules, we deem the failure to allege a specific legal theory not to be fatal and, therefore, consider all theories which could be supported by the facts alleged in the petition. See *Pelham v. Griesheimer* (1981), 93 Ill. App. 3d 751, 753.

On appeal, respondent contends his petition for reimbursement states a valid cause of action under *In re Marriage of Tollison* (1991), 208 Ill. App. 3d 17, and that the trial court should have granted a hearing to determine whether he is entitled to reimbursement. In response, petitioner argues that there is no statutory authority for respondent's cause of action and, additionally, that *Tollison* is inapplicable to the present facts.

In *Tollison,* following a dissolution of marriage, the ex-husband was ordered to pay the ex-wife maintenance and child support. A withholding order was entered deducting a specific amount from the husband's biweekly paycheck. After the withholding order had been in effect for approximately 51 months, it was discovered that the amount withheld from each check had exceeded the amount authorized by the court's order, resulting in an overpayment of $4,697.78. The husband filed a petition seeking reimbursement for the overpayment. The appellate court in *Tollison* reversed the trial court's finding that no grounds existed for reimbursement. *Tollison,* 208 Ill. App. 3d at 18-19.

■ The *Tollison* court first noted the general rule that no credit is given for voluntary overpayments of child support, even if made under the mistaken belief that they are legally required. (*Tollison,*

208 Ill. App. 3d at 20.) The rationale for this rule is that such a credit would be tantamount to allowing one party unilaterally to modify the divorce decree and could result in future deprivation to the children and the payee. (*In re Marriage of Olsen* (1992), 229 Ill. App. 3d 107, 110.) After acknowledging the general rule, *Tollison* invoked an exception which allows credit for overpayment where (1) equity demands that a credit be given; and (2) no hardship will be caused to the children or the payee. *Tollison*, 208 Ill. App. 3d at 20, citing *Farmer v. Farmer* (1978), 147 Ga. App. 387, 249 S.E.2d 106; see also *Brown v. Georgia Department of Human Resources* (1993), 263 Ga. 53, 428 S.E.2d 81 (stating general rule and exceptions).

In applying the exception, the *Tollison* court recognized that the situation presented there was different from the typical voluntary overpayment case because the overpayment in *Tollison* was involuntarily made, by means of a wage deduction. (*Tollison*, 208 Ill. App. 3d at 20.) *Tollison* concluded that because the husband had paid more than the deduction order had required him to pay, fundamental fairness required that he be given credit for the overpayments, stating:

"John Tollison paid more through the deduction order than he was obligated to pay, and he cannot be denied relief simply because no procedural mechanism or current legal theory exists to undo the error. *** While there appears to be no precedent providing that Tollison must be given credit for his involuntary overpayments, fundamental fairness demands that such credit be given." (*Tollison*, 208 Ill. App. 3d at 20.)

Respondent argues that this holding is applicable to the present case and that he should be allowed to proceed under the cause of action created in *Tollison*.

■ We find *Tollison* distinguishable and decline to extend its holding to cover the present facts. The critical difference between *Tollison* and the case at bar is that in *Tollison* reimbursement was allowed for involuntarily collected amounts which were in excess of, and unauthorized by, the court order. The above-quoted passage refers to involuntary *overpayments* of child support. Here, by contrast, the amounts collected were exactly the amounts required by the court's order. In other words, there was no overpayment within the meaning of *Tollison*. Although the quoted language might indicate that *Tollison*'s holding can be broadly applied to achieve equitable results in overpayment cases, there is nothing in *Tollison* which might indicate its rule can be stretched to cover cases where no overpayment has occurred. See *In re Marriage of Miller* (1992), 231 Ill. App. 3d 480, 490.

In addition to failing to state a cause of action under *Tollison*, the petition for reimbursement fails under other theories. Respondent does not, nor can he, allege the child support order in the instant case was invalid when entered, or that it was void from the outset. Under *Skrypek v. Mazzocchi* (1992), 227 Ill. App. 3d 1, 5, a judgment is void only when the rendering court lacks jurisdiction, and a judgment which is merely erroneous is not void. The petition does not even specifically allege any ground on which the judgment could be deemed voidable. (See *In re Marriage of Stefiniw* (1993), 253 Ill. App. 3d 196, 200.) Nor does respondent challenge the statutory principle that a man is presumed to be the father of a child born to the child's mother during marriage. (750 ILCS 45/5(a)(1) (West 1992).) Rather, he seeks to effect what is essentially a retroactive modification of the child support order. However, under the Illinois Marriage and Dissolution of Marriage Act, retroactive modification of child support orders is not permitted. (750 ILCS 5/510(a) (West 1992); *In re Marriage of Macino* (1992), 236 Ill. App. 3d 886, 889; see also *In re Marriage of Henry* (1993), 156 Ill. 2d 541, 544.) Further, the petition contains no allegation of fraud by the petitioner with respect to Jacquelyn's parentage. In sum, respondent's petition for reimbursement sets forth no cause of action cognizable under Illinois law. Therefore, we conclude that the trial court did not abuse its discretion in ruling that there is no cause of action for reimbursement of child support under the facts of this case.

Accordingly, for the reasons stated, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS, P.J., and PECCARELLI, J., concur.