No.  3--96--0090

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1996

In re MARRIAGE OF              )  Appeal from the Circuit Court

                               )  of the 10th Judicial Circuit,

JOHN W. ROGERS,                )  Tazewell County, Illinois,

                               )

     Petitioner-Appellant,     )

                               )

     and                       )  No.  86--D--534

                               )

VIOLA (ROGERS) RANDOLPH,    )  Honorable

                               )  Michael E. Brandt,

     Respondent-Appellee.      )  Judge, Presiding.

________________________________________________________________

     JUSTICE SLATER delivered the opinion of the court:

________________________________________________________________

     In this case we must determine the scope of our supreme

court's decision in In re Marriage of Henry, 156 Ill. 2d 541, 622

N.E.2d 803 (1993).  In Henry the parties' marriage was dissolved,

and the father, as noncustodial parent, was required to pay $50

per week in child support.  Several years later the father was

determined to be disabled and a social security dependent

disability allowance greater than the amount of child support

began to be received by the children.  In response to the

father's subsequent petition for modification, the trial court

found that payment of the disability benefits fulfilled the

father's support obligation and relieved him of the requirement

of further payment.  The supreme court affirmed, holding that

because disability benefits are earned by the noncustodial parent

and are made on his behalf, "payment of social security dependent

disability benefits satisfies a noncustodial parent's child

support obligation."  Henry, 156 Ill. 2d at 552, 622 N.E.2d at

809.  Henry overruled In re Estate of Nakaerts, 106 Ill. App. 3d

166, 435 N.E.2d 791 (1982), in which this court refused to credit

social security dependent disability benefits against a father's

child support obligation because to do so "would have amounted to

a retroactive modification of vested support rights."  Nakaerts,

106 Ill. App. 3d at 170, 435 N.E.2d at 795.  The Henry court

explained that allowing such a credit did not improperly modify

the amount of child support.  Instead, "only the method of

payment, or payor, was changed" (Henry, 156 Ill. 2d at 545, 622

N.E.2d at 806), and such third-party payments on behalf of an

obligated parent were permissible (Henry, 156 Ill. 2d at 545, 622

N.E.2d at 806).

     In this case, the marriage of the petitioner, John Rogers,

and the respondent, Viola (Rogers) Randolph, was dissolved in

1986.  A settlement agreement incorporated into the judgment of

dissolution provided that petitioner was to pay $1000 per month

in child support.  At the time the judgment was entered,

petitioner was disabled and social security dependent disability

benefits were being paid.  On February 25, 1992, petitioner filed

a petition to modify child support, alleging that respondent had

been receiving $300 per month in social security disability

benefits.  Petitioner requested that some of the child support be

placed in a bank account for the child instead of being paid to

respondent.  The trial court denied the petition.

     On February 15, 1994, petitioner filed another petition to

modify in which he requested his monthly support payment to be

reduced by the amount of social security dependent benefits being

received by respondent.  On March 11, 1994, the trial court

entered an order granting petitioner "a credit of $352 on the

$1000 sum the [petitioner] was previously required to pay as

support."  On appeal, this court reversed the trial court,

finding that Henry was inapposite and that there had been no

substantial change in circumstances warranting a modification of

child support.  In re Marriage of Rogers, No. 3-94-0409 (1994)

(unpublished order under Supreme Court Rule 23).  On April 5,

1995, petitioner's petition for leave to appeal was allowed by

the Illinois Supreme Court and the following supervisory order

was entered:

               "In the exercise of this Court's

          supervisory authority, the judgment of the

          Appellate Court, Third District, in case No.

          3-94-0409 is VACATED.  This cause is REMANDED

          to the Circuit Court of Tazewell County with

          directions to reinstate its order in case No.

          86-D-534 in favor of petitioner John M.

          Rogers allowing him credit for the past and

          future social security dependent disability

          benefits received by his ex-wife for the

          benefit of their minor child without regard

          to any substantial change in circumstances or

          the lack thereof, pursuant to In Re Marriage

          of Henry (1993), 156 Ill. 2d. 541."  161 Ill.

          2d 539, 647 N.E.2d 586 (1995).

     On May 25, 1995, petitioner filed a "Petition to Recover

and/or Receive Credit for Overpayment" in which he sought to have

all previous social security dependent disability payments,

dating back to the time of dissolution, credited against his

remaining support obligations.  According to testimony at the

subsequent hearing, the amount of overpayment amounted to either

$27,491 or $28,648.  The trial court stated that it did not

believe that Henry would allow a person to "proceed ab initio,

back to day one, in terms of credit, at least as applied to the

facts of this case."  The court ruled that from the time the

parties' marriage was dissolved in 1986 until October 21, 1993,

when Henry was decided, this court's decision in Nakaerts was

controlling.  The court therefore held that petitioner was only

entitled to credit for social security payments made after

October 21, 1993.  Petitioner now contends on appeal that he

should have received credit for all previous social security

payments made on his behalf.

     The general rule is that no credit is given for voluntary

overpayments of child support, even if they are made under the

mistaken belief that they are legally required.  In re Marriage

of Olsen, 229 Ill. App. 3d 107, 593 N.E.2d 859 (1992); In re

Marriage of Tollison, 208 Ill. App. 3d 17, 566 N.E.2d 852 (1991). 

The rationale supporting the rule is that such a credit would

amount to a unilateral modification of the dissolution judgment

and could result in the deprivation of future support benefits. 

Olsen, 229 Ill. App. 3d 107, 593 N.E.2d 859; Tollison, 208 Ill.

App. 3d 17, 566 N.E.2d 852.  Exceptions to the rule have been

recognized where the equities of the circumstances so demand and

where allowing the credit will not work a hardship.  Olsen, 229

Ill. App. 3d 107, 593 N.E.2d 859; Tollison, 208 Ill. App. 3d 17,

566 N.E.2d 852.

     There is no question that this case falls outside the

general rule, since our supreme court has ordered that petitioner

should be allowed credit "for the past and future social security

dependent disability benefits received by his ex-wife."  The only

question is what the court meant by "past" benefits.  Allowing

credit, as the trial court did, back to the date of the Henry

decision encompasses "past" benefits, but not all of those past

benefits.  In effect, the trial court's ruling gave Henry

prospective, rather than retroactive, application.

     As a general rule, decisions by our supreme court apply to

all cases that are pending when the decision is announced, unless

the court directs otherwise.  People v. Granados, 172 Ill. 2d

358, 666 N.E.2d 1191 (1996); Lannom v. Kosco, 158 Ill. 2d 535,

634 N.E.2d 1097 (1994).  However, the court has the inherent

power to declare that a decision will apply prospectively only. 

Lannom, 158 Ill. 2d 535, 634 N.E.2d 1097.  This case was not

pending when Henry was decided, but was filed subsequent to

Henry, and therefore questions of retroactivity would not

ordinarily arise.  However, because the relief which the

petitioner seeks is credit for payments made before Henry was

decided, we believe that the appropriate analysis is whether the

supreme court intended Henry to be applied retroactively or

prospectively.

               "[W]hether a ruling will be applied

          prospectively will depend upon whether the

          decision to be applied nonretroactively

          establishes a new principle of law, either by

          overruling clear past precedent on which

          litigants may have relied, or by deciding an

          issue of first impression whose resolution

          was not clearly foreshadowed.  If either of

          these criteria is met, the question of

          prospective or retroactive application will

          be answered by considering whether, given the

          purpose and prior history of the rule, its

          operation will be retarded or promoted by

          prospective or retroactive application and

          whether prospective application is mandated

          by a balance of equities."  Bogseth v.

          Emanuel, 166 Ill. 2d 507, 515, 655 N.E.2d

          888, 892 (1995).

     Although Henry overruled Nakaerts, there was, at that time,

precedent from the fifth district holding that social security

dependent disability benefits satisfied a parent's child support

obligation.  See Childerson v. Hess, 198 Ill. App. 3d 395, 555

N.E.2d 1070 (1990).  Therefore, Henry did not overrule clear past

precedent, since the rulings of this court were in conflict.  See

Granados, 172 Ill. 2d 358, 666 N.E.2d 1191 (there is only one

Illinois Appellate court).  However, we believe that Henry

decided an issue of first impression whose resolution was not

clearly foreshadowed.  As we indicated, the rulings of this court

were conflicting.  Furthermore, other jurisdictions which had

decided the issue were split between those which allowed a credit

and those which did not.  See Henry, 156 Ill. 2d 541, 622 N.E.2d

803 and cases cited therein.  Indeed, Henry itself was not a

unanimous decision.  See Henry, 156 Ill. 2d 541, 622 N.E.2d 803

(Heiple, J., dissenting).  We therefore next consider whether

operation of the rule announced in Henry "will be retarded or

promoted by prospective or retroactive application and whether

prospective application is mandated by a balance of    

equities."  Bogseth, 166 Ill. 2d at 515, 655 N.E.2d at 892.

     It is evident that operation of the rule announced in Henry,

allowing social security benefits to satisfy a parent's child

support obligation, will not be advanced by limiting it to

prospective application.  However, if the purpose of the rule is,

as it appears to be, to provide fairness to both custodial and

noncustodial parents, while ensuring that the child's needs are

met, then the individual circumstances of each case must be

considered.  In this case the record indicates that respondent's

expenses exceed her monthly income and she has few assets.  On

the other hand, petitioner's monthly income is approximately

twice that of respondent, and he receives a $100,000 payment

every five years from an annuity.  It appears that granting

petitioner a credit for all past social security payments,

thereby relieving him of further child support obligations, would

create a windfall for petitioner and entail a great hardship for

respondent and the parties' child.  While issues involving

dissolution and child support are statutory, "such proceedings

partake so much of the nature of a chancery proceeding that the

rules of equity are applicable."  Henry, 156 Ill. 2d at 549, 622

N.E.2d at 808.  "[E]quitable remedies are a special blend of what

is necessary, what is fair, and what is workable."  Lemon v.

Kurtzman, 411 U.S. 192, 200, 36 L. Ed. 2d 151, 161, 93 S. Ct.

1463, ___ (1973).  In this case we find that the trial court's

ruling struck an appropriate balance between the rights of the

petitioner and the needs of his ex-wife and child.  We therefore

affirm the trial court's ruling granting petitioner credit only

for social security payments made after October 21, 1993, the

date Henry was decided.

     For the reasons stated above, the judgment of the circuit

court is affirmed.

     Affirmed.

     BRESLIN, P.J., and HOLDRIDGE, P.J., concur.