*In re* MARRIAGE OF JOHN W. ROGERS, Petitioner-Appellant, and VIOLA (ROGERS) RANDOLPH, Respondent-Appellee.

Third District    No. 3—96—0090

Opinion filed September 18, 1996.

Betty K. Cassidy, of Cassidy Law Office, of Pekin, for appellant.

Dennis M. Sheehan, of Pekin, for appellee.

JUSTICE SLATER delivered the opinion of the court:

In this case we must determine the scope of our supreme court's decision in *In re Marriage of Henry*, 156 Ill. 2d 541, 622 N.E.2d 803 (1993). In *Henry* the parties' marriage was dissolved, and the father, as noncustodial parent, was required to pay $50 per week in child support. Several years later the father was determined to be disabled and a social security dependent disability allowance greater than the amount of child support began to be received by the children. In response to the father's subsequent petition for modification, the trial court found that payment of the disability benefits fulfilled the father's support obligation and relieved him of the requirement of further payment. The supreme court affirmed, holding that because disability benefits are earned by the noncustodial parent and are made on his behalf, "payment of social security dependent disability benefits satisfies a noncustodial parent's child support obligation." *Henry*, 156 Ill. 2d at 552, 622 N.E.2d at 809. *Henry* overruled *In re Estate of Nakaerts*, 106 Ill. App. 3d 166, 435 N.E.2d 791 (1982), in which this court refused to credit social security dependent disability benefits against a father's child support obligation because to do so "would have amounted to a retroactive modification of vested support rights." *Nakaerts*, 106 Ill. App. 3d at 170, 435 N.E.2d at 795. The *Henry* court explained that allowing such a credit did not improperly modify the amount of child support. Instead, "only the method of payment, or payor, was changed" (*Henry*, 156 Ill. 2d at 545, 622 N.E.2d at 806), and such third-party payments on behalf of an obligated parent were permissible (*Henry*, 156 Ill. 2d at 545, 622 N.E.2d at 806).

In this case, the marriage of the petitioner, John Rogers, and the respondent, Viola (Rogers) Randolph, was dissolved in 1986. A settlement agreement incorporated into the judgment of dissolution provided that petitioner was to pay $1,000 per month in child support. At the time the judgment was entered, petitioner was disabled and social security dependent disability benefits were being paid. On February 25, 1992, petitioner filed a petition to modify child support, alleging that respondent had been receiving $300 per month in social security disability benefits. Petitioner requested that some of the child support be placed in a bank account for the child instead of being paid to respondent. The trial court denied the petition.

On February 15, 1994, petitioner filed another petition to modify

in which he requested his monthly support payment to be reduced by the amount of social security dependent benefits being received by respondent. On March 11, 1994, the trial court entered an order granting petitioner "a credit of $352 on the $1000 sum the [petitioner] was previously required to pay as support." On appeal, this court reversed the trial court, finding that *Henry* was inapposite and that there had been no substantial change in circumstances warranting a modification of child support. *In re Marriage of Rogers*, No. 3—94—0409 (1994) (unpublished order under Supreme Court Rule 23). On April 5, 1995, petitioner's petition for leave to appeal was allowed by the Illinois Supreme Court and the following supervisory order was entered:

> "In the exercise of this court's supervisory authority, the judgment of the Appellate Court, Third District, in No. 3—94—0409 is hereby vacated and the cause remanded to the circuit court of Tazewell County with directions to reinstate its order in favor of petitioner John M. Rogers, allowing him credit for the past and future social security dependent disability benefits received by his ex-wife for the benefit of their minor child without regard to any substantial change in circumstances or the lack thereof, pursuant to *In re Marriage of Henry* (1993), 156 Ill. 2d 541." *Rogers v. Randolph*, 161 Ill. 2d 539, 539, 647 N.E.2d 586 (1995).

On May 25, 1995, petitioner filed a "Petition to Recover and/or Receive Credit for Overpayment" in which he sought to have all previous social security dependent disability payments, dating back to the time of dissolution, credited against his remaining support obligations. According to testimony at the subsequent hearing, the amount of overpayment amounted to either $27,491 or $28,648. The trial court stated that it did not believe that *Henry* would allow a person to "proceed *ab initio*, back to day one, in terms of credit, at least as applied to the facts of this case." The court ruled that from the time the parties' marriage was dissolved in 1986 until October 21, 1993, when *Henry* was decided, this court's decision in *Nakaerts* was controlling. The court therefore held that petitioner was only entitled to credit for social security payments made after October 21, 1993. Petitioner now contends on appeal that he should have received credit for all previous social security payments made on his behalf.

■ The general rule is that no credit is given for voluntary overpayments of child support, even if they are made under the mistaken belief that they are legally required. *In re Marriage of Olsen*, 229 Ill. App. 3d 107, 593 N.E.2d 859 (1992); *In re Marriage of Tollison*, 208 Ill. App. 3d 17, 566 N.E.2d 852 (1991). The rationale supporting the rule is that such a credit would amount to a unilat-

eral modification of the dissolution judgment and could result in the deprivation of future support benefits. *Olsen*, 229 Ill. App. 3d 107, 593 N.E.2d 859; *Tollison*, 208 Ill. App. 3d 17, 566 N.E.2d 852. Exceptions to the rule have been recognized where the equities of the circumstances so demand and where allowing the credit will not work a hardship. *Olsen*, 229 Ill. App. 3d 107, 593 N.E.2d 859; *Tollison*, 208 Ill. App. 3d 17, 566 N.E.2d 852.

There is no question that this case falls outside the general rule, since our supreme court has ordered that petitioner should be allowed credit "for the past and future social security dependent disability benefits received by his ex-wife." The only question is what the court meant by "past" benefits. Allowing credit, as the trial court did, back to the date of the *Henry* decision encompasses "past" benefits, but not *all* of those past benefits. In effect, the trial court's ruling gave *Henry* prospective, rather than retroactive, application.

■ As a general rule, decisions by our supreme court apply to all cases that are pending when the decision is announced, unless the court directs otherwise. *People v. Granados*, 172 Ill. 2d 358, 666 N.E.2d 1191 (1996); *Lannom v. Kosco*, 158 Ill. 2d 535, 634 N.E.2d 1097 (1994). However, the court has the inherent power to declare that a decision will apply prospectively only. *Lannom*, 158 Ill. 2d 535, 634 N.E.2d 1097. This case was not pending when *Henry* was decided, but was filed subsequent to *Henry*, and therefore questions of retroactivity would not ordinarily arise. However, because the relief which the petitioner seeks is credit for payments made before *Henry* was decided, we believe that the appropriate analysis is whether the supreme court intended *Henry* to be applied retroactively or prospectively.

"[W]hether a ruling will be applied prospectively will depend upon whether the decision to be applied nonretroactively establishes a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. If either of these criteria is met, the question of prospective or retroactive application will be answered by considering whether, given the purpose and prior history of the rule, its operation will be retarded or promoted by prospective or retroactive application and whether prospective application is mandated by a balance of equities." *Bogseth v. Emanuel*, 166 Ill. 2d 507, 515, 655 N.E.2d 888, 892 (1995).

Although *Henry* overruled *Nakaerts*, there was, at that time, precedent from the fifth district holding that social security dependent disability benefits satisfied a parent's child support obligation. See

*Childerson v. Hess*, 198 Ill. App. 3d 395, 555 N.E.2d 1070 (1990). Therefore, *Henry* did not overrule *clear* past precedent, since the rulings of this court were in conflict. See *Granados*, 172 Ill. 2d 358, 666 N.E.2d 1191 (there is only one Illinois Appellate Court). However, we believe that *Henry* decided an issue of first impression whose resolution was not clearly foreshadowed. As we indicated, the rulings of this court were conflicting. Furthermore, other jurisdictions which had decided the issue were split between those that allowed a credit and those that did not. See *Henry*, 156 Ill. 2d 541, 622 N.E.2d 803 (and cases cited therein). Indeed, *Henry* itself was not a unanimous decision. See *Henry*, 156 Ill. 2d at 552 (Heiple, J., dissenting). We therefore next consider whether operation of the rule announced in *Henry* "will be retarded or promoted by prospective or retroactive application and whether prospective application is mandated by a balance of equities." *Bogseth*, 166 Ill. 2d at 515, 655 N.E.2d at 892.

■ It is evident that operation of the rule announced in *Henry*, allowing social security benefits to satisfy a parent's child support obligation, will not be advanced by limiting it to prospective application. However, if the purpose of the rule is, as it appears to be, to provide fairness to both custodial and noncustodial parents, while ensuring that the child's needs are met, then the individual circumstances of each case must be considered. In this case the record indicates that respondent's expenses exceed her monthly income and she has few assets. On the other hand, petitioner's monthly income is approximately twice that of respondent, and he receives a $100,000 payment every five years from an annuity. It appears that granting petitioner a credit for all past social security payments, thereby relieving him of further child support obligations, would create a windfall for petitioner and entail a great hardship for respondent and the parties' child. While issues involving dissolution and child support are statutory, "such proceedings partake so much of the nature of a chancery proceeding that the rules of equity are applicable." *Henry*, 156 Ill. 2d at 549, 622 N.E.2d at 808. "[E]quitable remedies are a special blend of what is necessary, what is fair, and what is workable." *Lemon v. Kurtzman*, 411 U.S. 192, 200, 36 L. Ed. 2d 151, 161, 93 S. Ct. 1463, 1469 (1973). In this case we find that the trial court's ruling struck an appropriate balance between the rights of the petitioner and the needs of his ex-wife and child. We therefore affirm the trial court's ruling granting petitioner credit only for social security payments made after October 21, 1993, the date *Henry* was decided.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

BRESLIN, P.J., and HOLDRIDGE, J., concur.