SIXTH DIVISION

NOVEMBER 9, 2000

No. 1-99-1129

In re MARRIAGE OF ROSEMARIE LEHR, ) APPEAL FROM THE

) CIRCUIT COURT

Petitioner-Appellee, ) OF COOK COUNTY.

)

v. )

)

LOUIS A. LEHR, ) HONORABLE

) LEIDA J. SANTIAGO,

Defendant-Appellant. ) JUDGE PRESIDING.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

This appeal is related to this court's decision of 
In re Marriage of Lehr
, 217 Ill. App. 3d 929, 578 N.E.2d 19 (1991), in which this court reversed an August 30, 1988, order of the cir­

cuit court of Cook County reducing maintenance payments to petitioner Rosemarie Lehr and a July 19, 1989, order allocating attorney fees between Rosemarie and respondent Louis A. Lehr.  This court held that: (1) Rosemarie's income could not be used as ground for reducing Louis's monthly obligation of unallocated alimony and child support; (2) the emancipation of the parties' children, Rosemarie's completion of mortgage payments and employ­ment did not warrant modification of monthly obligation; and (3) the allocation of attorney fees could not be reviewed until the amount of those fees was clear from the record.  The case was remanded for further proceedings consistent with this court's opinion.

In this appeal, Louis contests an order of the circuit court of Cook County awarding Rosemarie maintenance she would have received but for the now-reversed August 30, 1988, order reducing maintenance.  Louis also appeals the trial court's denial of Count III of a petition he filed on remand seeking reimbursement for alleged overpayments of unallocated alimony and child support.

The record in this appeal reveals the following facts.  On remand, Rosemarie filed a Motion for Entry of Judgment in the amount of $40,350, largely representing the difference in mainte­

nance she received between September 1988 and January 1992 and the sum she would have received had maintenance not been reduced on August 30, 1988.  Louis apparently moved to strike and dismiss Rosemarie's motion, though the record citation provided by Louis does not correspond to such a motion.  On August 3, 1992, the trial court held a hearing on the motion stating in part that:

"This court finds that the Appellate Court, 1st District, delivered an opinion on June 28, 1991, reversing and remanding the cause for hearing, 'a hearing on the reason­

ableness of Rosemary's [sic] attorney fees and the allocation of fees between the parties.'  Said court also found that the trial court erred in reducing unallocated maintenance and support orders.

"The Appellate Court's decision in the case gave no directive to restore any portion of the reduction made by the August 30, 1988, order.  The judgment of the trial court was reversed and remanded for further proceedings consistent with the Appellate Court's opinion.

"It is therefore ordered that the motion for entry of judgment is hereby stricken and dismissed and this matter shall be set for hearing on a date certain.  There will be a hearing in accordance with the Appellate Court's finding."

Rosemarie's counsel and the trial court later engaged in the following exchange:

"MR. CARLSON: If I could state my objection, your Honor.  It's my understanding that the opinion only remanded the issue of fees, your Honor.

"THE COURT: That's not my opinion on what the opinion says, Mr. Carlson."

Louis's counsel and the trial court then engaged in the following exchange:

"MS. MARCUS: *** Your Honor, may we bring the order in later, your Honor?

"THE COURT: No, all I need is an order continuing it or setting this matter for - -

"MS. MARCUS: For hearing.  All right."

That same day, the trial court entered an order stating that Rosemarie's motion "is stricken" and setting the matter "for hearing in accordance with the ruling of the Appellate Court" at a later date certain.

Subsequently, the trial judge in this case retired; this matter was then transferred to a second trial judge.

On October 7, 1992, Louis filed a Petition to Modify Judgment for Divorce and Subsequent Order (Petition).  This Petition contained three counts, but the only count relevant to this appeal is Count III.  In Count III, Louis sought reimburse­

ment for $62,000 in alleged overpayments of unallocated alimony and child support made under the original judgment for divorce and a November 28, 1978, agreed order modifying that judgment.

On November 12, 1992, Rosemarie filed a Motion to Strike and Dismiss the Petition, arguing in part that Louis was misreading the judgment and agreed order and that Louis's claim was barred by laches or estoppel.  The trial court denied Rosemarie's motion on July 22, 1993.

On August 16, 1993, Rosemarie filed a second Motion for Entry of Judgment that was substantially similar to her prior motion.  On October 8, 1993, Louis filed a Motion to Strike and Dismiss Rosemarie's second motion, and a Motion for Summary Judgment on his Petition.  On December 21, 1993, the trial court entered an order finding that Rosemarie was due $40,350 in maintenance from Louis, but that Louis had overpaid Rosemarie in the amount of $76,800, leaving a net amount due to Rosemarie of $36,450.  The trial court also allocated the obligation to pay the remaining balance of the attorney fees to Rosemarie.

Rosemarie and Louis both filed motions to reconsider.  The trial court did not rule on these motions until February 6, 1998.  On that date, the trial court entered an order vacating the find­

ings that Louis had overpaid Rosemarie in the amount of $76,800, leaving a net amount due to Rosemarie of $36,450.  The remainder of the prior order, finding that Rosemarie was due $40,350 in maintenance from Louis, remained in full force and effect.  Louis asserts that the trial court entered an order on March 5, 1999, dismissing Count III of his Petition as barred by the doctrine of 
res judicata
, but does not identify where this order appears in the record.  However, the supplemental transcripts of proceedings show that this was the opinion of the trial court on March 5, 1999.

Louis now appeals to this court.  Louis does not identify where the Notice of Appeal appears in the record.  Louis has included a purported copy of the Notice of Appeal in the appendix to his brief, but this document bears no date stamp from the circuit court of Cook County.  This court's records show that Louis timely filed his Notice of Appeal on April 2, 1999.

I

Initially, Louis argues that the second trial judge erred in entering judgment for Rosemarie because the first trial judge had already stricken a similar motion on August 3, 1992.  Louis contends that after August 3, 1992, all that remained was a fee dispute between Rosemarie and her attorneys.  Thus, Louis concludes that the August 3, 1992, order was final and appeal­

able.  Louis argues that Rosemarie's failure to timely move for recon­sideration rendered the order 
res judicata
 on the issue, or the law of the case.  Indeed, Louis contends that the second trial judge lacked jurisdiction to enter judgment in favor of Rosemarie.

The issue is whether the August 3, 1992, order was final.  Generally, an order dismissing or striking a complaint is not final unless the language of the order also indicates that the litigation is terminated and that the plaintiff will not be permitted to plead over.  
Miller v. Suburban Medical Center at Hoffman Estates, Inc.
, 184 Ill. App. 3d 545, 547, 540 N.E.2d 477, 478 (1989).  Of course, substance rather than form may determine whether a general order of dismissal is a final adjudication.  
Pfaff v. Chrysler Corp.
, 155 Ill. 2d 35, 62-63, 610 N.E.2d 51, 63 (1992).  Orders of a trial court must be interpreted from the entire context in which they were entered, with reference to other parts of the record including: the pleadings, motions and issues before the court; the transcript of proceedings before the court; and arguments of counsel.  
P & A Floor Co., Inc. v. Burch
, 289 Ill. App. 3d 81, 88, 682 N.E.2d 107, 111 (1997).  Orders must be construed in a reasonable manner to give effect to the apparent intention of the trial court.  
Burch
, 289 Ill. App. 3d at 88-89, 682 N.E.2d at 111.

In this case, the record on appeal, including the August 3, 1992, transcript, shows that the first trial judge did not believe that the attorney fee dispute was the only issue to be considered on remand.  The record clearly shows that the trial court intended to hold a hearing on the issues identified in this court's prior opinion, including the unallocated child support issue.  Thus, the August 3, 1992, order was not final.

Louis argues in the alternative that the second trial judge erred in entering judgment for Rosemarie because the first trial judge's August 3, 1992, order was correct on the merits.  As noted above, the record shows that the August 3, 1992, order was not directed at the merits of Rosemarie's claim for restitution.  Nevertheless, this court will address Louis's arguments in turn.

Louis first relies on section 413(a) of the Illinois Marriage and Dissolution of Marriage Act (Act), which provides in part that "[a]n order directing payment of money for support or maintenance of the spouse or the minor child or children shall not be suspended or the enforcement thereof stayed pending the appeal."  See 750 ILCS 5/413(a) (West 1992).  However, Louis provides absolutely no coherent explanation of how a statute which prohibits a court from suspending or staying a maintenance order pending an appeal grants him a vested right in the reduced payment on remand after an order reducing maintenance is reversed on appeal.

Louis next contends that the reduced payments should not be retroactively disturbed because they were made in accordance with a valid statute and court order.  Louis has not identified any such statute, aside from section 413(a) of the Act, which is discussed above and does not seem relevant to this dispute.  The court order to which Louis refers was reversed by this court.

Louis's claims, considered together, are ultimately based on the premise that the outcome of an appeal has no effect on the litigation.  Yet this court is confident that Louis and his counsel understand that this court does not issue advisory opinions.  Louis's argument would permit him to retain the benefit of the trial court's erroneous order without showing any equitable reason for doing so.  The argument is  ironic, given that it is Louis who now seeks relief from this court.

In Illinois, a reversal abrogates the decree and leaves the cause as it stood prior its entry, restoring the parties to their original positions.  
Williamsburg Village Owners' Association, Inc. v. Lauder Associates
, 200 Ill. App. 3d 474, 483, 558 N.E.2d 208, 213 (1990) (and cases cited therein).  It is well settled that upon the reversal of a judgment, the party that received benefits is  obliged to make restitution.  
Buzz Barton & Asso­ci­

ates v. Giannone
, 108 Ill. 2d 373, 381-82, 483 N.E.2d 1271, 1275 (1985).  The trial court's right and duty to enforce restitution is 
not
 dependent on any direct order by this court and should be permitted even if it requires some latitude because of changed conditions pending review.  
Lauder Associates
, 200 Ill. App. 3d at 483, 558 N.E.2d at 214 (and cases cited therein); see also 
In re Marriage of Jones
, 187 Ill. App. 3d 206, 220, 543 N.E.2d 119, 129 (1989) (discussing method for addressing change of circum­

stances following remand).

Absent a showing of changed circumstances pending review, the effect of this court's reversal was that Rosemarie should be placed in the position in which she stood prior to the entry of the August 3, 1992, order.  Louis did not identify any such change in his brief or his motion to strike and dismiss Rose­marie's second motion for judgment.  Thus, Louis's argument is unpersuasive.

Louis further contends that there was no authority for the trial judge to require that he retroactively repay additional maintenance.  Louis is incorrect.  
When a trial court erred in denying a petition for increased child support, this court has directed the trial court to conduct further proceedings and the entry of an order retroactive to the date of the order from which the wife appealed.  
In re Marriage of Heil
, 233 Ill. App. 3d 888, 895-96, 599 N.E.2d 168, 173-74 (1992).  The reasoning of the 
Heil
 court seems equally applicable to maintenance payments.  Although this court's prior opinion in this litigation did not expressly direct the court to award retroactive maintenance as restitution, this court was not required to do so for the obligation to arise.  See 
Lauder Associates
, 200 Ill. App. 3d at 483, 558 N.E.2d at 214.

In sum, the second trial judge did not err in entering judg­

ment for Rosemarie, despite the August 3, 1992, order strik­ing Rosemarie's initial motion for judgment.

II

Louis next argues that the trial court erred in dismissing Count III of his Petition, which sought reimbursement for alleged maintenance overpayments made under the original judgment for divorce and a November 28, 1978, agreed order modifying that judgment.  The trial court ruled that 
res judicata
 barred Louis's claim.  
Res judicata
 bars the relitigation of an issue between the same parties after a final judgment on the merits has been rendered by a court of competent jurisdiction.  
In re Marriage of Connors
, 303 Ill. App. 3d 219, 225-26, 707 N.E.2d 275, 281 (1999).  A maintenance award is 
res judicata
 as to those facts at the time it is entered; changed circumstances justifying the modification of maintenance must occur after the award.  
In re Marriage of Waldschmidt
, 241 Ill. App. 3d 7, 11, 608 N.E.2d 1299, 1302 (1993).  Courts in modification proceedings allow the parties to present only the evidence going back to the latest petition for modification to avoid relitigating matters already decided.  
In re Marriage of Pedersen
, 237 Ill. App. 3d 952, 957, 605 N.E.2d 629, 633 (1992).

The judgment in this case was not final, because this court remanded the case with directions for further proceedings that could result in the entry of an appealable judgment.  See 
Relph v. Board of Education
, 84 Ill. 2d 436, 442-43, 420 N.E.2d 147, 150 (1981).  Where a judgment remains subject to the appellate process, it is not to be given 
res judicata
 effect; rather, this court's mandate establishes the law of the case.  
Relph
, 84 Ill. 2d at 442-43, 420 N.E.2d at 150.  The doctrine of the law of the case provides that decisions of questions of law presented in a prior appeal are generally binding and will control in a subse­

quent appeal, unless the facts presented in the subsequent pro­

ceed­ings are substantially different.  See 
Lubbers v. Norfolk & Western Ry. Co.
, 147 Ill. App. 3d 501, 511, 498 N.E.2d 357, 365 (1986).

In this case, Louis seeks recovery of alleged overpayments dating back to each child's graduation.  During their 25-year marriage, the parties had six children, two of whom had reached majority when the judgment for divorce was entered.  Louis argues in the alternative that he is entitled to recovery of alleged overpayments accruing following his 1992 petition, pursuant to section 510(a) of the Act.  Generally, section 510(a) of the Act provides that "any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to due notice by the moving party of the filing of the motion for modification ***."  750 ILCS 5/510(a) (West 1992).  Louis does not argue that he falls within any of the exceptions to this rule.  Louis argues that the decision to allow retroactive modi­

fi­cation is within the trial court's discretion, but the case he cites, 
In re Marriage of Zeman
, 198 Ill. App. 3d 722, 739, 556 N.E.2d 767, 777 (1990), clearly refers to making relief retro­

active 
to the date the petition was filed
.

Section 510(a) also generally requires that the party seek­

ing modification show a substantial change in circumstances.  See 750 ILCS 5/510(a) (West 1992).  This court ruled in the prior appeal that Louis had failed to show changed circumstances war­

ranting a modification of his monthly obligation in part because the emancipation of the parties' children was a circumstance already anticipated and addressed in an agreed order entered in 1978.  
Lehr
, 217 Ill. App. 3d at 938, 578 N.E.2d at 25.  This court also noted that Louis chose not to fully disclose his finances and stipulated that he had the ability to pay.  
Lehr
, 217 Ill. App. 3d at 938-39, 578 N.E.2d at 25.  This court noted the rule that all relevant facts should be presented to the trial court for a proper assessment of the parties' current circum­

stances.  
Lehr
, 217 Ill. App. 3d at 939, 578 N.E.2d at 25.  Indeed, this court noted that a full disclosure of both parties' finances would have been necessary for the trial court to make an equitable determination as to any reduction in Louis's monthly obligation.  
Lehr
, 217 Ill. App. 3d at 938, 578 N.E.2d at 25.

Nevertheless, on remand, Louis sought a retroactive reduc­

tion of his monthly obligation without any disclosure of his finances.  This course of action is similar to Louis's objection to paying restitution to Rosemarie, insofar as both suggest a belief that this court's opinion in the first appeal had no effect on the litigation.  However, for all of the reasons stated above, this court's prior opinion is in fact controlling on remand, absent substantially changed circumstances.  Louis was free to arrange his affairs to avoid disclosing his finances on the record, but he cannot later complain of the resulting inabil­

ity of the trial court to make decisions that would require such information.

Louis has not pointed to any other circumstance which has changed.  The judgment for divorce and the November 28, 1978, agreed order modifying that judgment had not changed.  Paragraph 3 of the parties' Settlement Agreement, which was incorporated into the judgment, allowed a  monthly deduction per child attend­

ing college of between $150-$200.  The 1978 agreed order addi­

tion­ally allowed for a monthly deduction "by the amount of $200 per child upon the attaining of the majority (provided the child is not attending college or university)" or upon the emancipation or death of a child.  On remand, Louis specifically claimed he was entitled to a $400 monthly deduction.  However, the plain language of these documents does not permit Louis to continue taking the deduction for each child attending a college or university after those children graduate; indeed, this appears to explain why the parties sought to amend the judgment with the language contained in the 1978 agreed order.

In sum, Louis's claim in this case runs contrary not only to this court's prior opinion, but also to the statutory and case law Louis cited in this matter.

Moreover, the general rule is that no credit is given for voluntary overpayments of child support, even if they are made under the mistaken belief that they are legally required.  
In re Marriage of Rogers
, 283 Ill. App. 3d 719, 721, 670 N.E.2d 1154, 1156 (1996).  Although this case technically involved unallocated alimony and child support, the deductions sought by Louis were expressly tied to the status of their children.  Exceptions to the rule regarding voluntary overpayment have been recognized where the equities of the circumstances so demand and where allowing the credit will not work a hardship.  
Rogers
, 283 Ill. App. 3d at 722, 670 N.E.2d at 1156.  As noted above, Louis has, by his own choice, precluded any such equitable determination.  The case cited by Louis in support of his argument, 
N.K. Fairbank Co. v. City of Chicago
, 153 Ill. App. 140 (1910), is distinguishable, as it has nothing to do with child support.

A court of review may affirm a trial court's judgment upon any grounds appearing in the record, regardless of whether it was relied upon by the trial court and regardless of whether the reasoning of the trial court was correct.  
E.g.
, 
Wilder v. Finnegan
, 267 Ill. App. 3d 422, 426, 642 N.E.2d 496, 500 (1994).  Thus, we conclude that while the trial court relied on the doctrine of 
res judicata
, it certainly did not commit reversible error in denying Louis's claim for a retroactive double deduction from his monthly obligation.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.  Moreover, this court notes that Rosemarie (who the record shows was at least 61 years old by the time of this court's 1991 opinion) was forced to defend against Louis's baseless attempt to recover a large retroactive reduction in sums paid in support of the parties' children.  Louis's arguments and actions in making such a claim in this case and forcing this appeal were without compelling cause or justification.  Accordingly, this case is remanded to the trial court for a calculation of attorney fees to be paid by Louis to Rosemarie or her counsel pursuant to section 508(b) of the Act.  See 
In re Marriage of Clay
, 210 Ill. App. 3d 778, 782, 569 N.E.2d 280, 282 (1991).

Affirmed and remanded for further proceedings.

BUCKLEY, J., and GALLAGHER, J., concur.