NOTICE

Decision filed 10/15/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-07-0312

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* ESTATE OF JOSEPH D. HUDSON, JR., Deceased | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
| (Donna Sobkoviak, | ) |
| Petitioner-Appellant, | ) |
| v. | ) No. 04-P-749 |
| Theresa Schlechte, Executrix, | ) Honorable<br>) Clarence W. Harrison II, |
| Respondent-Appellee). | ) Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Donna Sobkoviak, filed claims for "child's awards" under the Probate Act of 1975 (Probate Act) (755 ILCS 5/15-2(b) (West 2006)) and for child support under the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/510(d) (West 2006)) in probate proceedings for the estate of the decedent, Joseph D. Hudson, Jr., in the circuit court of Madison County. The circuit court granted child's awards pursuant to the Probate Act, but it denied a claim for future child support under the Marriage Act. On appeal, petitioner raises issues regarding whether the circuit court erred by finding that the provisions for a child's award under the Probate Act and for child support under the Marriage Act are duplicative and mandate an offset. We reverse and remand.

FACTS

Petitioner and decedent were married on February 15, 1986. The product of their union was two children, one born in 1987 and one born in 1989. The parties were divorced on November 15, 1998. Decedent agreed to pay child support to petitioner "for the support

1

of the children of the parties $273 each two weeks."

Decedent died on July 15, 2004. A probate proceeding was opened on November 19, 2004. Respondent was appointed to be the executrix.

On February 15, 2005, petitioner filed a claim in the probate proceeding. Petitioner made demands on behalf of the children totaling $20,000 under the child's award provisions of the Probate Act (755 ILCS 5/15-2(b) (West 2006)). She also made demands for unpaid and future child support under the Marriage Act (750 ILCS 5/510(d) (West 2006)).

On October 10, 2006, the court entered an order requiring the estate to pay $10,000 to each minor within 10 days. The court ordered the estate and petitioner to submit proposed orders on the remaining issues.

On October 25, 2006, the court entered a detailed order. The court found that the total amount owed for child support through the date of death was $3,299. The court stated that under the divorce decree 72 future child support payments would be due until emancipation, totaling $19,656, but it ruled that the estate was required to pay only the past-due child support in the amount of $3,299. The court stated, "The [c]ourt finds that the provisions of [section 15-2(b) of the Probate Act (755 ILCS 5/15-2(b) (West 2004))] and [section 510(d) of the Marriage Act (750 ILCS 5/510(d) (West 2004))] are to be applied without duplication."

After reconsideration, the court reaffirmed the judgment. Petitioner appeals.

ANALYSIS

The Probate Act provides as follows:

"(b) If a deceased resident of this State leaves no surviving spouse, there shall be allowed to all children of the decedent who were minors at the date of death and all adult dependent children, exempt from the enforcement of a judgment, garnishment[,] or attachment in the possession of the representative, a sum of money

2

that the court deems reasonable for the proper support of those children for the period of 9 months after the death of the decedent in a manner suited to the condition in life of those children and to the condition of the estate. The award may in no case be less than $5,000 for each of those children, together with an additional sum not less than $10,000 that shall be divided equally among those children or apportioned as the court directs and that shall be paid for the benefit of any of those children to any person that the court directs." 755 ILCS 5/15-2(b) (West 2006).

The Marriage Act provides:

"(d) Unless otherwise provided in this Act, or as agreed in writing or expressly provided in the judgment, provisions for the support of a child are terminated by emancipation of the child, or if the child has attained the age of 18 and is still attending high school, provisions for the support of the child are terminated upon the date that the child graduates from high school or the date the child attains the age of 19, whichever is earlier, but not by the death of a parent obligated to support or educate the child. An existing obligation to pay for support or educational expenses, or both, is not terminated by the death of a parent. When a parent obligated to pay support or educational expenses, or both, dies, the amount of support or educational expenses, or both, may be enforced, modified, revoked[,] or commuted to a lump sum payment, as equity may require, and that determination may be provided for at the time of the dissolution of the marriage or thereafter." 750 ILCS 5/510(d) (West 2006).

The trial court denied the claim for future child support under the Marriage Act based on a finding that the award must be offset by the child's award made under the Probate Act. The court struck the award for future child support, stating that the two statutes "are to be applied without duplication." The context of the award indicates that the court based its

3

award on the belief that the two statutes were duplicative and required the offset. See *In re Marriage of Lehr*, 317 Ill. App. 3d 853, 858, 740 N.E.2d 417, 421 (2000) (an order should be read in context to give effect to the apparent intent of the trial court). On appeal, both parties frame the issue as whether the provisions of the Probate Act supersede the provisions of the Marriage Act. The trial court erred by finding the statutes to be duplicative.

The two statutes do not conflict. The trial court apparently found a discrepancy in the reference to the "support" in the child's award section of the Probate Act (755 ILCS 5/15-2 (West 2006)). The relevant provision establishes that if an Illinois resident dies without a surviving spouse, each surviving minor child must be awarded from the estate a nondiscretionary minimum of $5,000. 755 ILCS 5/15-2(b) (West 2006). According to the provision, a court may award more than the minimum $5,000 based on what "the court deems reasonable for the proper support of those children for the period of 9 months after the death of the decedent in a manner suited to the condition in life of those children." 755 ILCS 5/15-2(b) (West 2006).

Despite the use of the term "support," the plain language of the provision indicates that a child's award is separate from an award for child support. The term "support" in the Probate Act is distinct from "child support" in the Marriage Act. 755 ILCS 5/15-2(b) (West 2006); 750 ILCS 5/505, 510 (West 2006). The term "support" is used in the context of granting the court discretion to award more than the statutory minimum, and not as a prerequisite for a child's award. Furthermore, this discretion is worded in general terms of what the court "deems reasonable" (755 ILCS 5/15-2(b) (West 2006)), as opposed to the statutory guidelines and factors defining child support in the Marriage Act (750 ILCS 5/505(a) (West 2006); see *In re Marriage of DiFatta*, 306 Ill. App. 3d 656, 663, 714 N.E.2d 1092, 1097 (1999)).

A child's award, considering the plain language of section 15-2 as a whole, is

independent from child support. 755 ILCS 5/15-2(b) (West 2006). A child's award, by exclusion, is not required when a child lives with the surviving spouse of the decedent, but this does not mean that the child's award is intertwined with child support. Nowhere does the child's award provision of the Probate Act call for an offset of child support or otherwise refer to the Marriage Act. Subsection (a) of section 15-2 addresses situations in which the decedent was married at the time of death, and it provides an award if a child does not live with the surviving spouse. 755 ILCS 5/15-2(a) (West 2006). An award under this subsection is not dependent on child support but on the marital status of the decedent at the time of death.

Of most importance, the applicable provision of section 15-2, subsection (b), does not address the dissolution of marriages. 755 ILCS 5/15-2(b) (West 2006). Instead, subsection (b) covers the estate of any decedent who leaves no surviving spouse. The provision applies even if there was never a divorce, such as when children were born out of wedlock or the decedent's spouse predeceased him. Furthermore, even in cases of a divorce, the provision makes no distinction regarding child support. Indeed, under this provision, the estate of an unmarried parent that had been receiving child support is obligated to make a child's award. 755 ILCS 5/15-2(b) (West 2006).

Upon reading section 510 of the Marriage Act (750 ILCS 5/510 (West 2006)), we conclude that there is no appearance of conflict. Two subsections of section 510 integrate the Probate Act. Subsection (e) provides that claims for child support against an estate are treated as barrable, noncontingent claims under the Probate Act for purposes of timeliness. 750 ILCS 5/510(e) (West 2006). In turn, subsection (d) grants the trial court broad discretion to fashion child support after an obligor's death. 750 ILCS 5/510(d) (West 2006).

Subsection (d) contemplates child support operating in tandem with other claims against the estate according to principles of equity. Subsection (d) expressly states, "An

existing obligation to pay for support *** is not terminated by the death of a parent." 750 ILCS 5/510(d) (West 2006). Although the Probate Act is not specifically mentioned, subsection (d) gives the trial court broad powers to craft the continuing award of child support in light of other equitable matters in the probate proceeding. Subsection (d) does not mandate an offset of any award made to the children under the Probate Act. Instead, the trial court is given authority to enforce, modify, revoke, or commute child support "as equity may require." 750 ILCS 5/510(d) (West 2006).

Thus, the Marriage Act does not require an offset for the child's awards made pursuant to the Probate Act. Any modification of child support is discretionary. The trial court erred by ruling that the offset was mandated by duplication in the statutes.

This court is unable to further resolve petitioner's claim, so the matter must be remanded. An appellate court may affirm a trial court based on any evidence in the record. *Monarski v. Greb*, 407 Ill. 281, 291, 95 N.E.2d 433, 439 (1950). Because the issue before this court and the trial court was whether an offset was mandated, the record is silent on whether equity called for an offset, and the trial court did not reach the question of what equity required in this matter. Upon remand, the trial court is to determine whether to enforce, modify, revoke, or commute child support "as equity may require." 750 ILCS 5/510(d) (West 2006).

CONCLUSION

Accordingly, the order of the circuit court is hereby reversed, and the matter is remanded with directions.


Reversed; cause remanded with directions.


STEWART, P.J., and WEXSTTEN, J., concur.

6

NO. 5-07-0312

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| *In re* ESTATE OF JOSEPH D. HUDSON, JR., Deceased | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
| (Donna Sobkoviak, | ) |
| Petitioner-Appellant, | ) |
| v. | ) No. 04-P-749 |
| Theresa Schlechte, Executrix, | ) Honorable<br>) Clarence W. Harrison II, |
| Respondent-Appellee). | ) Judge, presiding. |

**Opinion Filed**:　　　October 15, 2008

**Justices**:　　　Honorable Richard P. Goldenhersh, J.

Honorable Bruce D. Stewart, P.J., and
Honorable James M. Wexstten, J.,
Concur

**Attorney
for
Appellant**　　　Steven M. Hamburg, Summers, Compton, Wells & Hamburg, P.C., 8909 Ladue Road, St. Louis, MO 63124

**Attorney
for
Appellee**　　　Charles W. King, 1507 Troy Road #4, P.O. Box 277, Edwardsville, IL 62025