Docket No. 104558.

IN THE
SUPREME COURT
OF
THE STATE OF ILLINOIS

---

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT T. LUCAS, JR., Appellant.

*Opinion filed October 17, 2008.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

Following a jury trial in the circuit court of Bureau County, defendant, Robert T. Lucas, Jr., was convicted of driving while his driver's license was revoked (625 ILCS 5/6–303(d) (West 2004)), unlawful use of a weapon by a felon (720 ILCS 5/24–1.1(a) (West 2004)), and armed violence (720 ILCS 5/33A–2(a) (West 2004)). The appellate court affirmed defendant's convictions and sentences. 372 Ill. App. 3d 279.

## BACKGROUND

Count I of the indictment, charging defendant with driving while license revoked, subsequent offense, alleged that on May 1, 2005,

defendant drove his motor vehicle while his driver's license was revoked, "said revocation having been entered on December 27, 1983, as a result of a conviction of Driving While Under The Influence of Alcohol, and the defendant had been previously convicted of [driving while license revoked] on August 26, 1987 in Bureau County Cause Number 87–TR–2961." Count II of the indictment charged defendant with unlawful possession of a weapon by a felon, based on defendant's possession of a switchblade knife. Count III charged defendant with armed violence, alleging that he, while armed with a dangerous weapon, committed driving while license revoked, subsequent offense, a Class 4 felony.

At defendant's trial, the evidence showed that Deputy Gary Becket observed a car twice cross the center line of the street. Becket activated his emergency lights, but the car did not stop. Instead, the driver continued driving for a short distance, eventually pulling into the driveway of a residence. A man Becket recognized as defendant exited the car and ran around to the back of the house. When defendant did not obey Becket's shouted command to stop, Becket gave chase. Becket did not see defendant when he arrived at the rear of the house. He knocked on the door of the house and Richard Yuvan answered. Although Yuvan had in fact allowed defendant into his house, he told Becket that he and his wife, Susan, were the only people in the house. At that point, Susan appeared and told Becket that defendant was in the house and she wanted him out.

Prior to entering the house, Becket called for back-up. When Deputy Patrick Linder arrived, he and Becket went into the house. Susan told the officers that defendant had locked himself in the bathroom. After the officers ordered defendant out of the bathroom, they heard the toilet flush. Then defendant emerged. The officers observed various items on the bathroom vanity, including money, cell phones, and a lighter. The officers declined defendant's request to keep his lighter. When they examined the lighter, they discovered that it housed a spring-loaded switchblade knife. Becket acknowledged that he had no direct evidence that the knife had been in defendant's car. However, Richard and Susan Yuvan testified that the knife was not theirs, they had never seen it before, and it was not in the bathroom before defendant arrived at their home that night.

Defendant presented no evidence. The jury convicted him on all charges.

At the sentencing hearing, the State introduced into evidence a certified copy of defendant's driving abstract, showing that in 1983, defendant was convicted of driving under the influence of alcohol. His driver's license was revoked later that year. He was convicted in 1987 of driving while license revoked. His license was reinstated in 1996. Defendant was again convicted of driving under the influence of alcohol in 1997 and his license was revoked that same year. That revocation remained in effect on the date of his arrest in the instant case. Based upon this record, the prosecutor asked the circuit court to find that defendant committed the offense of driving while license revoked, subsequent offense. The prosecutor noted that defendant's "prior record was not proved up to the jury by operation of Illinois law which prevents a jury from knowing about the prior convictions for driving While License Revoked. We're asking the court to make that proper finding today so we can proceed to sentencing on that offense." The circuit court made the requested finding and sentenced defendant to concurrent terms of 30 years' imprisonment on the armed violence conviction and 5 years' imprisonment on the unlawful possession of a weapon conviction.

Defense counsel filed a posttrial motion and a motion to reconsider sentence, both of which the circuit court denied.

On appeal, defendant argued, *inter alia*, that driving while license revoked, subsequent offense, cannot be used as a predicate felony for a charge of armed violence. He argued that the enhancement of driving while license revoked from a misdemeanor to a felony was intended for sentencing purposes only. The appellate court relied on the plain language of the armed violence statute in rejecting defendant's argument, holding that the phrase "any felony" encompassed all felonies not specifically excluded by the statute. Defendant also argued that the prosecution had failed to prove him guilty of all the elements of driving while license revoked, subsequent offense, noting that the State had not proved to the jury defendant's prior conviction, which elevated his offense to a felony. The appellate court noted that the State was prevented from presenting such proof to the jury by section 111–3(c) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/111–3(c) (West 2004)), which

-3-

provides that the fact of a prior conviction of the charged offense and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial. The court noted that this section applies only when the classification of the offense is to be raised due to the prior conviction. In this case, the classification of defendant's offense was raised from a Class A misdemeanor to a Class 4 felony by reason of his prior conviction. Accordingly, section 111–3(c) applied. 372 Ill. App. 3d at 285.

We granted defendant's petition for leave to appeal. 210 Ill. 2d R. 315.

ANALYSIS

Defendant makes two arguments in this appeal: (1) he was improperly convicted of armed violence based on driving while license revoked, subsequent offense; and (2) his armed violence conviction and 30-year prison sentence violate the proportionate penalties clause of the Illinois constitution (Ill. Const. 1970, art. I, §11). We address only the first argument.

I

The issue of whether the offense of driving while license revoked, subsequent offense, may serve as a predicate felony under the armed violence statute involves the interpretation of Illinois statutes, which is a question of law, which we review *de novo*. See *People v. Caballero*, 228 Ill. 2d 79, 82 (2008). In addition, because the facts are not in dispute, the question of whether defendant's guilt of driving while license revoked, subsequent offense, was established is a question of law subject to *de novo* review. *People v. Smith*, 191 Ill. 2d 408, 411 (2000).

II

Initially, the State argues that defendant is estopped from challenging his armed violence conviction on the ground that driving while license revoked, subsequent offense, cannot be a predicate felony because he did not preserve this argument for review. Indeed, notes the State, defendant's trial counsel affirmatively agreed that

-4-

defendant did commit the offense of armed violence. What the State is really arguing is that defendant invited the alleged error. The doctrine of invited error is sometimes referred to as "estoppel." *People v. Harvey*, 211 Ill. 2d 368, 385 (2004). Under the doctrine of invited error, a defendant " 'may not request to proceed in one manner and then later contend on appeal that the course of action was in error.' " *Harvey*, 211 Ill. 2d at 385, quoting *People v. Carter*, 208 Ill. 2d 309, 319 (2003). Here, the State's only citation to the record references the sentencing hearing. There, trial counsel did tell the judge that what defendant did constituted armed violence. However, the State does not point to anyplace in the record showing that defendant's trial counsel made any such concession during trial. Therefore, we reject the State's argument.

The State also argues that defendant forfeited the issue that he was wrongly convicted of driving while license revoked, subsequent offense, for armed violence purposes. We note that the State admits it failed to raise the issue of forfeiture in the appellate court. The doctrine of forfeiture applies to the State as well as to the defendant and the State may forfeit an argument that the defendant forfeited an issue by not properly preserving it for review. *People v. Williams*, 193 Ill. 2d 306, 347 (2000). In addition, we note that one of defendant's arguments is that the State failed to prove him guilty of driving while license revoked, subsequent offense, beyond a reasonable doubt. Such arguments are not subject to the normal rules of forfeiture and may be raised for the first time on appeal. *People v. Walker*, 7 Ill. 2d 158, 160 (1955). Accordingly, we will address defendant's arguments.

The armed violence statute provides in pertinent part as follows:

> "(a) A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law, except first degree murder, attempted first degree murder, intentional homicide of an unborn child, predatory criminal sexual assault of a child, aggravated criminal sexual assault, aggravated kidnaping, aggravated battery of a child, home invasion, armed robbery, or aggravated vehicular hijacking." 720 ILCS 5/33A–2(a) (West 2004).

In the 1980s, this court interpreted the language of the armed violence statute to exclude certain types of felony offenses. At that

time, the statute provided that a defendant committed armed violence when, "while armed with a dangerous weapon, he commits any felony defined by Illinois Law." Ill. Rev. Stat. 1979, ch. 38, par. 33A–2. In *People v. Haron*, 85 Ill. 2d 261 (1981), this court found that the General Assembly did not intend the phrase "any felony" to include a predicate felony that was itself enhanced from a misdemeanor to a felony by the presence of a weapon. The defendant there had been convicted of armed violence predicated on aggravated battery. The battery offense was enhanced due to the defendant's use of a deadly weapon. This court found the armed violence charge to be an impermissible double enhancement. *Haron*, 85 Ill. 2d at 278.

In *People v. Alejos*, 97 Ill. 2d 502 (1983), the defendant was convicted of armed violence predicated on voluntary manslaughter. This court agreed with the defendant that the legislature did not intend armed violence to apply to voluntary manslaughter. The court noted that voluntary manslaughter is an unpremeditated offense, induced by sudden fear or duress and committed without time for proper reflection. We looked to the purpose of the armed violence statute, which was " 'to respond emphatically to the growing incidence of violent crime.' " *Alejos*, 97 Ill. 2d at 507-08, quoting *People v. Graham*, 25 Ill. App. 3d 853, 858 (1975). We further noted that the "stiff punishment" mandated by the armed violence statute was intended not only to punish the wrongdoer and protect society, but also to deter the proscribed conduct, *i.e.*, carrying a weapon while committing a felony. *Alejos*, 97 Ill. 2d at 509. Because voluntary manslaughter is committed on the spur of the moment and without deliberation, the statute cannot fulfill its deterrence function. We rejected the State's argument that we could not depart from the plain language of "any felony" in the statute, observing that a court may determine the intent of the legislature not only from the language of the statute, but also from the reason and necessity for the statute, the evils to be remedied, and the objects and purposes to be obtained. We also noted the rule of lenity and found its application to be appropriate where the carrying of a weapon is not a criminal offense in all instances and the armed violence statute would be unlikely to deter those who commit voluntary manslaughter. *Alejos*, 97 Ill. 2d at 512-13.

We addressed similar arguments in *People v. Fernetti*, 104 Ill. 2d 19 (1984). Relying on our decision in *Alejos*, we held that application of the armed violence statute to the offense of involuntary manslaughter would not further the intent of the statute. Involuntary manslaughter is, by its very nature, unintentional. Thus, the deterrence purpose of the armed violence statute would not be served by the inclusion of involuntary manslaughter within the phrase "any felony." *Fernetti*, 104 Ill. 2d at 24-25.

Defendant argues that, although driving while license revoked, subsequent offense, is not an undeterrable offense, it nonetheless should not be considered a predicate felony under the armed violence statute because to do so would not serve the purposes of that statute. Defendant notes that the conduct prohibited by the driving while license revoked statute, *i.e.*, driving, is not made more dangerous by the presence of a weapon. Driving is legal when done by the vast majority of licensed drivers; defendant notes that the only difference among legal driving, misdemeanor driving while license revoked, and driving while license revoked, subsequent offense, is the state of the driver's driving record.

Defendant also argues that the State failed to prove him guilty beyond a reasonable doubt of the offense of driving while license revoked, subsequent offense. He notes that the State was, in fact, precluded from doing so by section 111–3(c) of the Procedure Code, which provides:

> "When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, "enhanced sentence" means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5–5–1 of the 'Unified Code of Corrections', approved July 26, 1972, as amended; it does not include an increase in the sentence applied within the same

level of classification of offense." 725 ILCS 5/111–3(c) (West 2004).

The State argues that the language of the armed violence statute is clear and unambiguous. The statute expressly excludes 10 felonies from its operation. Any felonies not excluded may therefore serve as predicate felonies. The State criticizes defendant's reliance on *Haron*, *Alejos*, and *Fernetti*, all of which predate the current version of the armed violence statute. With respect to defendant's argument that he was not proved guilty beyond a reasonable doubt of driving while license revoked, subsequent offense, the State notes that it was precluded from doing so at the trial by section 3–111(c) of the Procedure Code. Nonetheless, the State believes that defendant was properly convicted of driving while license revoked, subsequent offense, noting that section 6–303(d) of the Illinois Vehicle Code (625 ILCS 5/6–303(d) (West 2004)) provides that any person convicted of a second violation of driving while license revoked shall be guilty of a Class 4 felony if the revocation or suspension was for a violation of certain enumerated offenses.

After careful consideration, we agree with defendant that driving while license revoked, subsequent offense, may not serve as a predicate felony under the armed violence statute.

Due process requires that to sustain a conviction of a criminal offense, the State must prove a defendant guilty beyond a reasonable doubt of the existence of every element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 316, 61 L. Ed. 2d 560, 571, 99 S. Ct. 2781, 2787 (1979). To prove a defendant guilty of the offense of armed violence, the State must prove beyond a reasonable doubt that the defendant committed a felony not excluded by the armed violence statute and that, while committing the felony, the defendant was armed with a dangerous weapon. In the instant case, therefore, the State was required to prove that defendant committed the offense of driving while license revoked at a time when his driver's license had been previously revoked due to a conviction for driving under the influence of alcohol or drugs. The State, however, only proved defendant guilty of misdemeanor driving while license revoked at his trial. The jury instructions confirm this. The jury was told that, to sustain the charge of armed violence, the State must prove (1) that defendant committed the offense of driving while license revoked,

and (2) that when defendant committed the offense, he was knowingly carrying on or about his person or was otherwise armed with a switchblade knife. The jury was further told that to sustain the charge of driving while license revoked, the State must prove (1) that defendant knowingly drove a motor vehicle on a highway of this state, and (2) that at the time defendant drove a motor vehicle, his driver's license was revoked as provided by Illinois law or by the law of another state. The conduct described by this last instruction constitutes the offense of misdemeanor driving while license revoked, under section 6–303(a) of the Vehicle Code (625 ILCS 5/6–303(a) (West 2004)), which provides in relevant part:

> "Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or the law of another state, except as may be specifically allowed by a judicial driving permit, family financial responsibility driving permit, probationary license to drive, or a restricted driving permit issued pursuant to this Code or under the law of another state, shall be guilty of a Class A misdemeanor." 625 ILCS 5/6–303(a) (West 2004).

The State, however, points out that section 6–303(d) of the Vehicle Code describes the offense of driving while license revoked, subsequent offense, and provides that any person convicted of a second violation of that section is guilty of a Class 4 felony. The State relies on this provision to argue that defendant was properly convicted of driving while license revoked, subsequent offense. The State argues it was prevented by section 111–3(c) of the Procedure Code from presenting proof at defendant's trial that he had a prior qualifying conviction and, thus, that he was guilty of a Class 4 felony.

To the extent the State suggests that section 6–303(d) of the Vehicle Code provides an independent basis on which to convict defendant of the Class 4 felony of driving while license revoked, subsequent offense, we reject that argument. We observe that there are no pattern jury instructions for the offense of driving while license revoked, subsequent offense. While at one time there were instructions defining that offense (Illinois Pattern Jury Instructions,

Criminal, No. 23.41 (4th ed. 2000) (hereinafter IPI Criminal 4th)) and setting forth the issues for that offense (IPI Criminal 4th No. 23.42), those instructions have been deleted. The committee comments to those instructions note the existence of section 3–111(c) of the Procedure Code and state that the committee "no longer believes that instructions on this offense are appropriate because of its reliance on a defendant's prior convictions."

Instead, section 6–303(d) of the Vehicle Code, read together with section 3–111(c) of the Procedure Code, provides the basis for enhanced sentencing of defendants who commit driving while license revoked, subsequent offense. Neither section 3–111(c) nor section 6–303(d) operates independently. Section 3–111(c) sets forth the procedure that must be followed where the State seeks a more severe sentence due to a defendant's prior convictions. Section 6–303(d) is the substantive provision that allows the State to seek the enhanced sentencing. We note that the legislature amended section 3–111 in 1989 to add subsection (c). Pub. Act 86–964, §1, eff. July 1, 1990. Prior to this amendment, a defendant's prior convictions for driving while license revoked and driving under the influence of alcohol were elements of the felony offense of driving while license revoked, subsequent offense. See *People v. Roby*, 172 Ill. App. 3d 1060, 1062 (1988) (noting that a prior driving under the influence of alcohol offense, which results in the revocation of a person's license, is an element of driving while license revoked, subsequent offense, and the trial court must instruct the jury as to all the elements of the offense charged). Now, with the addition of subsection (c), it is clear that the prior convictions are not elements of the offense that the State must prove to the trier of fact. Therein lies the problem. Section 111–3(c) applies where the State seeks an enhanced sentence due to a prior conviction. "Enhanced sentence" means a sentence that is increased by a prior conviction from one classification of offense to another higher classification of offense. 725 ILCS 5/111–3(c) (West 2004). Section 111–3(c) prohibits the use at trial of the fact of the prior conviction or the State's intent to seek an enhanced sentence. They are not elements of the offense and may not be disclosed to the jury. The existence of the prior conviction is used after a defendant's conviction to increase the classification of the crime at sentencing. *People v. DiPace*, 354 Ill. App. 3d 104, 114 (2004). However, in this situation where the State wishes to prove defendant guilty of driving while license revoked, subsequent offense, for the purpose of using

that offense as a predicate felony for armed violence purposes, it cannot do so because of the constraints of section 111–3(c).

A conflict exists among the armed violence statute, which requires the State to prove a defendant guilty beyond a reasonable doubt of a predicate felony, section 6–303(d) of the Vehicle Code, which makes defendant's driving while license revoked offense a Class 4 felony, and section 3–111(c) of the Procedure Code, which prevents the State from proving defendant guilty of a felony where an offense such as driving while license revoked, subsequent offense, is sought to be used as the predicate felony.

Where statutes are in conflict, a reviewing court has a duty to interpret the statutes in a manner that both avoids an inconsistency and gives effect to each statute, where this is reasonably possible. *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 441-42 (2005). We find that it is not possible to give effect to all three statutes under the facts of this case. The statutes cannot be reconciled, as they are fundamentally at odds with each other. The armed violence statute requires that the State prove defendant committed a felony not excluded by the statute; although section 6–303(d) of the Vehicle Code makes defendant's offense a Class 4 felony, section 3–111(c) of the Procedure Code prevents the State from proving all elements of that felony. We reject the State's argument that it was somehow excused by section 3–111(c) from proving defendant guilty beyond a reasonable doubt of all elements of the predicate felony for armed violence purposes. As we have stated, due process requires that a defendant be proved guilty beyond a reasonable doubt of every element of an offense to secure a conviction of that offense. The jury here found defendant guilty of armed violence, based on misdemeanor driving while license revoked. However, no such offense exists in our criminal code.

Nonetheless, citing *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998), and *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), the State argues that the United States Supreme Court has held that due process does not require the fact of a prior conviction to be proved to a jury beyond a reasonable doubt when the State is seeking to enhance a defendant's sentence. Neither *Almendarez-Torres* nor *Apprendi* is applicable here. Those cases involved the question of whether the defendants could be sentenced to prison terms beyond the statutory maximum by the use of enhancing factors that were not presented to

the jury and proved beyond a reasonable doubt, but were determined by the trial judge by a preponderance of the evidence. There was no question in either case that the defendants were convicted of valid offenses; only their sentences were in question. Here, defendant's prior convictions were not used to enhance his sentence from a Class A misdemeanor to a Class 4 felony. The prior convictions were used for the purpose of increasing the classification of defendant's driving while license revoked offense to a felony so that it would support a conviction of armed violence. For the reasons we have stated, this was impermissible. We, therefore, conclude that under our current statutory scheme, driving while license revoked, subsequent offense, may not serve as a predicate felony to support a charge of armed violence.

Due to our disposition of this case, it is unnecessary to reach the remainder of the issues raised by defendant.

## CONCLUSION

For the reasons stated, we hold that defendant was not properly convicted of armed violence based upon driving while license revoked, subsequent offense, and that said offense may not serve as a predicate felony under the armed violence statute. Accordingly, we vacate defendant's armed violence conviction. We affirm defendant's conviction and sentence for unlawful possession of a weapon by a felon. We conclude that the evidence was sufficient to convict defendant of driving while license revoked and that his sentence may properly be enhanced due to his prior convictions. Because the circuit court did not impose any sentence on the driving while license revoked conviction, we remand to that court for the purpose of imposing a sentence pursuant to section 111–3(c) of the Procedure Code.

*Appellate court judgment reversed in part and affirmed in part; circuit court judgment vacated in part and affirmed in part; cause remanded.*