THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRELL D. SCATES, Defendant-Appellant.

Fourth District   No. 4—08—0306

Opinion filed August 14, 2009.

Michael J. Pelletier, Gary R. Peterson, and Erica R. Clinton, all of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Patrick Delfino, Robert J. Biderman, and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

In January 2008, a jury convicted defendant, Darrell D. Scates, of three counts of threatening a public official (720 ILCS 5/12—9(a)(1)(i), (a)(2) (West 2006)) having previously been convicted of making a false threat of terrorism (730 ILCS 5/5—8—2(a)(4) (West 2006)). In April 2008, the trial court sentenced defendant to 3 concurrent terms of 12 years' imprisonment to be served consecutive to his sentences in Cook County case No. 00—CR—0459201, Livingston County case No. 07—CF—66, and Johnson County case No. 04—CF—80.

Defendant appeals, arguing (1) the State failed to prove him guilty beyond a reasonable doubt of threatening a public official where the assistant Attorney General alleged as a victim was not a public official as defined by statute, and (2) the trial court erred by failing to conduct an initial inquiry into defendant's *pro se* claim of ineffective assistance of counsel. We affirm as modified and remand with directions.

## II. BACKGROUND

In October 2007, the State charged defendant by information with three counts of threatening a public official. Count I alleged defendant threatened then Assistant Attorney General Brittany Hawkins by sending her a letter stating, *inter alia*, "I will have you killed ASAP." Hawkins, in her capacity as an assistant Attorney General, had worked on a court of claims matter involving defendant. At the time the letter was written, defendant was an inmate at the Pontiac Correctional Facility. Counts II and III alleged threats toward Attorney General Lisa Madigan.

On January 25, 2008, a jury convicted defendant on all three counts.

On January 29, 2008, defendant filed a motion for a new trial, which the trial court denied.

On April 15, 2008, defendant filed a *pro se* motion for a new trial, alleging ineffective assistance of counsel.

On April 28, 2008, the trial court sentenced defendant as stated.

This appeal followed.

## II. ANALYSIS

On appeal, defendant first argues the State's evidence was insufficient to prove him guilty of count I of the information beyond a reasonable doubt. Specifically, defendant contends his conviction must be reversed because the assistant Attorney General alleged as a victim is not a "public official" as defined by statute.

### A. Standard of Review

The interpretation of a statute is a question of law, which we review *de novo*. *People v. Lucas*, 231 Ill. 2d 169, 174, 897 N.E.2d 778, 781 (2008). "It is well settled that the primary objective of this court when construing the meaning of a statute is to ascertain and give effect to the intent of the General Assembly." *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390, 415, 844 N.E.2d 1, 14 (2006). The General Assembly's intent is best gleaned from the statute itself, and where the statutory language is clear and unambiguous, it must be given effect. *Orlak v. Loyola University Health System*, 228 Ill. 2d 1, 8, 885 N.E.2d 999, 1004 (2007).

## B. Public Official

██ █ Under section 12—9 of the Criminal Code of 1961 (Criminal Code), a person commits the offense of "threatening a public official" when:

"(1) that person knowingly and willfully delivers or conveys, directly or indirectly, to a public official by any means a communication:

(i) containing a threat that would place the public official or a member of his or her immediate family in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement, or restraint; or

(ii) containing a threat that would place the public official or a member of his or her immediate family in reasonable apprehension that damage will occur to property in the custody, care, or control of the public official or his or her immediate family; and

(2) the threat was conveyed because of the performance or nonperformance of some public duty, because of hostility of the person making the threat toward the status or position of the public official, or because of any other factor related to the official's public existence." 720 ILCS 5/12—9(a) (West 2006).

Subsection b of section 12—9 of the Criminal Code defines a "public official" as follows:

" 'Public official' means a person who is elected to office in accordance with a statute *or who is appointed to an office which is established, and the qualifications and duties of which are prescribed, by statute, to discharge a public duty for the State* or any of its political subdivisions ***. 'Public official' includes a duly appointed assistant State's Attorney." (Emphasis added.) 720 ILCS 5/12—9(b)(1) (West 2006).

Defendant contends the threatened assistant Attorney General in this case is not a public official under section 12—9(b)(1). We disagree.

The office of the Attorney General (Attorney General) is established by section 15 of article V of the Illinois Constitution (Ill. Const. 1970, art. V, §15), and its authority codified as the Attorney General Act (Act) (15 ILCS 205/0.01 through 7 (West 2006)).

Because the Attorney General's office is created by the constitution and empowered by statute, it is an "agency" as defined by statute. See 5 ILCS 100/1—20 (West 2006) (" 'Agency' means each officer, board, commission, and agency created by the Constitution, whether in the executive, legislative, or judicial branch of State government"). However, the term "agency" does not include (1) the House of Representatives, (2) the Senate, (3) the Governor, (4) the circuit court, or (5) the justices and judges of the supreme and appellate courts. 5 ILCS 100/1—20 (West 2006).

As an agency, the Attorney General has rule-making authority. See 5 ILCS 100/1—70, 1—90 (West 2006). The rules made by the Attorney General are promulgated in the Illinois Administrative Code (Code) (see 2 Ill. Adm. Code §§575.100 through 575.270, adopted at 8 Ill. Reg. 19343, eff. December 12, 1979). Like statutes, administrative rules have the force and effect of law and are presumed valid. *People v. Molnar*, 222 Ill. 2d 495, 508, 857 N.E.2d 209, 217 (2006). An administrative rule is invalid if it conflicts with the language of the statute under which the rule was adopted. *Illinois RSA No. 3, Inc. v. Department of Central Management Services*, 348 Ill. App. 3d 72, 76, 809 N.E.2d 137, 140 (2004).

Section 575.260 of title 2 of the Code clearly provides for the appointment of assistant Attorneys General. 2 Ill. Adm. Code §575.260, adopted at 8 Ill. Reg. 19343, eff. December 12, 1979 ("The Attorney General appoints Assistant Attorneys General"). In addition, nothing in the Act prohibits the Attorney General from appointing assistant Attorneys General to assist in the performance of the Attorney General's duties enumerated in section 4 of the Act. See 15 ILCS 205/4 (West 2006); see also *Saxby v. Sonnemann*, 318 Ill. 600, 607, 149 N.E. 526, 529 (1925) (Attorney General has the "power to appoint the necessary deputies or assistants to aid in carrying out those [enumerated] duties"). In this case, the statute and the administrative rule do not conflict. As a result, the administrative rule is valid.

■ Based on our reasoning above, an assistant Attorney General is appointed to an office established by statute. The qualifications and duties of that office—to discharge a public duty as an attorney for the State—are prescribed by statute. As a result, an assistant Attorney General is a "public official" for purposes of section 12—9(b)(1) of the Criminal Code.

■ Because an assistant Attorney General is a public official as defined in section 12—9(b)(1), an assistant Attorney General is also capable of being threatened as a public official under section 12—9(a) (720 ILCS 5/12—9(a), (b)(1) (West 2006)). Accordingly, defendant's argument that the State failed to prove him guilty of threatening a public official because the alleged victim was an assistant Attorney General fails.

## B. Ineffective-Assistance Claim

■ Defendant next argues the trial court erred by failing to form any examination into defendant's claim of ineffective assistance of counsel. Specifically, defendant contends the court erred by failing to conduct an inquiry into his claim of ineffective assistance of trial counsel, which he set forth in his April 15, 2008, *pro se* motion for a

new trial. He thus requests this court remand for a hearing on his ineffective-assistance claim. The State concedes the issue, and we accept the State's concession.

Defendant, prior to his sentencing hearing, filed a *pro se* motion, which *inter alia*, argued defense counsel was ineffective for failing to (1) present defendant's theory of defense that the letters were just a prank; (2) present jury instructions on lesser included offenses; (3) make relevant objections to the State's witnesses; (4) object to the removal of an African-American female juror and request a *Batson* hearing; (5) contest the State's evidence; (6) file a motion for substitution of judge and to change venue; and (7) call the assistant Attorney General to determine whether she felt threatened.

In *People v. Krankel*, 102 Ill. 2d 181, 187, 464 N.E.2d 1045, 1048 (1984), the defendant's trial counsel failed to contact an alibi witness or present an alibi defense at trial. Based upon these failings, the defendant *pro se* filed a motion alleging ineffective assistance of counsel. *Krankel*, 102 Ill. 2d at 187, 464 N.E.2d at 1048. Upon agreement of the parties that new counsel should have been appointed to represent the defendant on his motion, the supreme court remanded the cause for a new hearing on the motion with newly appointed counsel. *Krankel*, 102 Ill. 2d at 189, 464 N.E.2d at 1049.

Subsequent cases have further refined the procedures trial courts should use in the event of a *pro se* posttrial ineffective-assistance-of-counsel motion. The supreme court has explained as follows:

"In interpreting *Krankel*, the following rule developed. New counsel is not automatically required in every case in which a defendant presents a *pro se* posttrial motion alleging ineffective assistance of counsel. Rather, when a defendant presents a *pro se* posttrial claim of ineffective assistance of counsel, the trial court should first examine the factual basis of the defendant's claim. If the trial court determines that the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* motion. However, if the allegations show possible neglect of the case, new counsel should be appointed. [Citations.] The new counsel would then represent the defendant at the hearing on the defendant's *pro se* claim of ineffective assistance. [Citations.] The appointed counsel can independently evaluate the defendant's claim and would avoid the conflict of interest that trial counsel would experience if trial counsel had to justify his or her actions contrary to defendant's position. [Citations.]

The operative concern for the reviewing court is whether the trial court conducted an adequate inquiry into the defendant's *pro se* allegations of ineffective assistance of counsel. [Citation.] During

this evaluation, some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the allegedly ineffective representation is permissible and usually necessary in assessing what further action, if any, is warranted on a defendant's claim. Trial counsel may simply answer questions and explain the facts and circumstances surrounding the defendant's allegations. [Citations.] A brief discussion between the trial court and the defendant may be sufficient. [Citations.] Also, the trial court can base its evaluation of the defendant's *pro se* allegations of ineffective assistance on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face. [Citations.]" *People v. Moore*, 207 Ill. 2d 68, 77-79, 797 N.E.2d 631, 637-38 (2003).

Here, on April 15, 2008, defendant filed a *pro se* motion for a new trial. Defendant's motion contained several allegations of ineffective assistance of counsel. At defendant's April 28, 2008, sentencing hearing, after the trial court pronounced sentence, the court addressed defendant's request for an appeal. The court stated the following:

"I notice here you filed on April 15, 2008, [a] motion for a new trial, and then you had another document here I believe, or maybe that is someone else. In any event, you want this appealed; right?"

Defendant responded he did wish to appeal. The court then directed the clerk of the court to file defendant's notice of appeal. The court also ordered the appellate defender's office to represent defendant. However, the court did not address defendant's motion.

Following *Krankel* and its progeny, we find the trial court erred in not holding a preliminary hearing on defendant's ineffective-assistance-of-counsel claim. As a result, we remand for consideration of defendant's *pro se* motion alleging ineffective assistance of counsel.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment as modified and remand the cause for further proceedings consistent with this opinion. Because the State successfully defended a portion of the criminal judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal. See *People v. Smith*, 133 Ill. App. 3d 613, 620, 479 N.E.2d 328, 333 (1985); see also *People v. Nicholls*, 71 Ill. 2d 166, 178, 374 N.E.2d 194, 199 (1978).

Affirmed as modified; cause remanded with directions.

STEIGMANN and APPLETON, JJ., concur.