# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Brooks, 2012 IL App (4th) 100929**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NICHOLAS CARLOS BROOKS, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0929 |
| Filed | March 7, 2012 |
| Rehearing denied | March 21, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for violating an order of protection and his five-year extended-term sentence were upheld over his contentions that the extended-term sentence was not proper where he was not convicted of a felony and that he was not proved guilty of "violation of an order of protection–subsequent offense felony" beyond a reasonable doubt, since the evidence was sufficient to establish beyond a reasonable doubt that defendant violated an order of protection, the basis for the enhancement of the offense to a felony was disclosed in the indictment, defendant's prior conviction for unlawful restraint was introduced to the trial court outside the jury's presence, and section 111-3(c) of the Code of Criminal Procedure specifically prohibits the introduction of proof of a prior conviction to the jury and provides that such a prior conviction is not an element of the crime charged. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 09-CF-617; the Hon. Robert L. Freitag, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal    Michael J. Pelletier, Karen Munoz, and Gary R. Peterson, all of State Appellate Defender's Office, of Springfield, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Patrick Delfino, Robert J. Biderman, and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel    JUSTICE POPE delivered the judgment of the court, with opinion.

Presiding Justice Turner and Justice Steigmann concurred in the judgment and opinion.

## OPINION

¶ 1     In May 2010, a jury convicted defendant, Nicholas Carlos Brooks, of violating an order of protection (720 ILCS 5/12-30(a)(1) (West 2008)). In August 2010, the trial court sentenced defendant to a five-year extended-term sentence. Defendant appeals, arguing (1) the court improperly sentenced him to an extended-term sentence where he was not convicted of a felony, and (2) the State failed to prove him guilty of violating an order of protection beyond a reasonable doubt. We affirm.

¶ 2                        I. BACKGROUND

¶ 3     In August 2009, the State charged defendant by indictment with "violation of order of protection–subsequent offense felony" (720 ILCS 5/12-30(a)(1) (West 2008)). The indictment alleged defendant intentionally violated an order of protection after being served with notice of its contents. Due to defendant's conviction for unlawful restraint in McLean County case No. 04-CF-485, the charge in the present case was a Class 4 felony. See 720 ILCS 5/12-30(d) (West 2008)). Defendant pleaded not guilty and requested a jury trial. Evidence introduced during defendant's trial showed the following.

¶ 4     McLean County deputy sheriff Chad Witkowski testified he spoke with Vanessa Middlebrooks in July 2009 regarding her contact with defendant. Witkowski knew Middlebrooks had an active order of protection against defendant. The order of protection required defendant to remain at least 500 feet away from Middlebrooks's residence and her children. Defendant was served with the order of protection on June 1, 2009, and it expired on May 21, 2011. Witkowski testified Middlebrooks told him defendant came to her residence on July 12, 2009, while the order of protection was in effect. Witkowski further testified Middlebrooks moved to dismiss the order of protection in September 2009. The State then offered the order of protection and Middlebrooks's petition to dismiss the order of protection into evidence as People's exhibit Nos. 2 and 3, respectively. Defense counsel did not cross-examine Witkowski.

¶ 5        Middlebrooks testified defendant was the father of her two children. In May 2009, Middlebrooks obtained an order of protection against defendant, which was valid until May 2011. In July 2009, Middlebrooks spoke with police and told them defendant had recently come to her residence to see their children. Though she could not remember if defendant actually came inside the house, Middlebrooks stated she and defendant spoke to each other. Middlebrooks further stated she filed a petition to dismiss the order of protection against defendant in September 2009, and the motion was granted later in the month.

¶ 6        On cross-examination, Middlebrooks testified she did not mind defendant coming to her residence and visiting their children. Middlebrooks testified she did not contact the police regarding defendant's alleged violation of the order of protection; rather, the police contacted her and asked her if she had had any recent contact with defendant. In September 2009, Middlebrooks voluntarily petitioned to dismiss the order of protection.

¶ 7        Outside the presence of the jury, the trial court took judicial notice of defendant's conviction for unlawful restraint in case No. 04-CF-485 without objection. Both parties then rested.

¶ 8        The jury found defendant guilty of violating an order of protection. In June 2010, defendant filed a motion for a new trial. In August 2010, the trial court denied defendant's motion for a new trial and sentenced him to a five-year extended-term sentence. Defendant's presentence investigation report showed he had multiple felony convictions in the past 10 years. In September 2010, defendant filed a *pro se* motion for reduction of his sentence. Defendant's appointed counsel subsequently filed an amended motion for reduction of defendant's sentence, arguing the sentence was excessive and the court failed to consider relevant mitigating factors. In October 2010, the court denied defendant's motion to reconsider his sentence.

¶ 9        This appeal followed.


¶ 10                              II. ANALYSIS

¶ 11        On appeal, defendant argues (1) his extended-term sentence must be vacated because his conviction for violating an order of protection did not constitute a felony, and (2) the State failed to prove him guilty of "violation of an order of protection-subsequent offense felony" because it failed to introduce evidence to prove his crime was a felony.


¶ 12                A. Defendant's Extended-Term Sentence

¶ 13        Defendant argues his conviction for violating an order of protection did not constitute a felony conviction for extended-term sentencing purposes pursuant to section 5-5-3.2(b)(1) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3.2(b)(1) (West 2008)). We disagree.

¶ 14        Though defendant failed to raise this issue before the trial court, the improper imposition of an extended-term sentence results in a void sentence, which can be attacked any time and is reviewed *de novo*. See *People v. Thompson*, 209 Ill. 2d 19, 22-25, 805 N.E.2d 1200, 1202-03 (2004).

¶ 15     A person commits the offense of violating an order of protection when he or she commits an act prohibited by a court-imposed order of protection after receiving notice of the contents of the order. See 720 ILCS 5/12-30(a)(1) (West 2008). Violating an order of protection is a Class 4 felony if the defendant has a prior conviction for unlawful restraint. See 720 ILCS 5/12-30(d) (West 2008). Under section 111-3(c) of the Code of Criminal Procedure of 1963 (Criminal Procedure Code) (725 ILCS 5/111-3(c) (West 2008)), the State is required to inform the defendant in the charging instrument of its intent to seek an enhanced sentence based on a prior conviction. "However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted ***." 725 ILCS 5/111-3(c) (West 2008). Under section 5-5-3.2(b)(1) of the Unified Code (730 ILCS 5/5-5-3.2(b)(1) (West 2008)), a defendant convicted of a felony is subject to an extended-term sentence if they have been convicted in Illinois of "any felony" of the same or greater class in the past 10 years.

¶ 16     In addressing the issue of whether an enhanced misdemeanor constitutes a "felony" under section 5-5-3.2(b)(1) of the Unified Code, our supreme court has stated: "The plain language of the extended-term sentencing provision explicitly states that it applies to 'any felony.' The statutory provision makes no exception for misdemeanors *** that have been enhanced to a felony in accordance with the legislature's direction." *People v. Hicks*, 164 Ill. 2d 218, 223, 647 N.E.2d 257, 260 (1995). The court in *Hicks*, 164 Ill. 2d at 223, 647 N.E.2d at 260, went on to state "the words 'any felony' are broad in scope and apply to the defendant's enhanced felony conviction *** in the present cause." See also *People v. Granados*, 172 Ill. 2d 358, 364-65, 666 N.E.2d 1191, 1193-94 (1996) (Enhanced misdemeanors are subject to extended-term sentencing under unambiguous statutory language.).

¶ 17     Under *Hicks* and *Granados*, defendant's enhanced misdemeanor conviction is sufficient to allow for an extended-term sentence. Defendant contends neither *Hicks* nor *Granados* is controlling here; we disagree. We conclude defendant was convicted of a felony offense as required in section 5-5-3.2(b)(1) of the Unified Code and properly received an extended-term sentence.

¶ 18     Here, defendant's conviction for violating an order of protection constituted a Class 4 felony based on his prior unlawful-restraint conviction. The State properly charged defendant and disclosed the basis for the enhancement in the indictment. Further, the unlawful-restraint conviction was properly introduced to the trial court outside the jury's presence.

¶ 19     Defendant relies on our supreme court's decision in *People v. Palmer*, 104 Ill. 2d 340, 472 N.E.2d 795 (1984), as support for his argument his conviction for unlawful restraint was an element of the offense and had to be presented to the jury. We do not agree with defendant's reliance on *Palmer* because *Palmer* was decided before the legislature enacted section 111-3(c) of the Criminal Procedure Code. Pursuant to paragraph (c) of section 111-3 of the Criminal Procedure Code, defendant's prior conviction for unlawful restraint was not an element of the offense.

¶ 20     In *Palmer*, the State charged defendant with unlawful use of weapons (UUW) and alleged he had committed that offense within five years of his release from the penitentiary for the felony offense of murder. Ill. Rev. Stat. 1981, ch. 38, ¶ 24-1(a)(10), (b). However, the court

barred the State from introducing evidence of the defendant's prior conviction at trial on the ground such evidence would prejudice the defendant. *Palmer*, 104 Ill. 2d at 342, 472 N.E.2d at 796. Ultimately, the matter reached the supreme court, which concluded for the State to secure a felony conviction for UUW, it needed to prove the defendant's prior conviction. Otherwise, the offense remained a misdemeanor. *Palmer*, 104 Ill. 2d at 343-44, 472 N.E.2d at 797.

¶ 21 However, subsequent to *Palmer* and similar decisions, the legislature enacted Public Act 86-964 (Pub. Act 86-964, § 1 (eff. July 1, 1990) (1989 Ill. Laws 6509, 6510)) adding paragraph (c) to section 111-3 of the Criminal Procedure Code. That section provides, to obtain an enhanced sentence based upon a prior conviction, the charging instrument must inform the defendant of the prior conviction and its intent to seek an enhanced sentence based upon that conviction. As stated earlier, it contains an important proviso rendering the decision in *Palmer* no longer applicable here: "However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted." 725 ILCS 5/111-3(c) (West 2008).

¶ 22 The supreme court in *People v. Lucas*, 231 Ill. 2d 169, 897 N.E.2d 778 (2008), stated:

"Section 111-3(c) applies where the State seeks an enhanced sentence due to a prior conviction. 'Enhanced sentence' means a sentence that is increased by a prior conviction from one classification of offense to another higher classification of offense. 725 ILCS 5/111-3(c) (West 2004). Section 111-3(c) prohibits the use at trial of the fact of the prior conviction or the State's intent to seek an enhanced sentence. They are not elements of the offense and may not be disclosed to the jury. The existence of the prior conviction is used after a defendant's conviction to increase the classification of the crime at sentencing." *Lucas*, 231 Ill. 2d at 181, 897 N.E.2d at 785.

¶ 23 As for defendant's argument the supreme court's ruling in *Lucas*, 231 Ill. 2d at 183, 897 N.E.2d at 786, established "that a misdemeanor offense which is enhanced to a felony for sentencing purposes is not itself a felony conviction," we find defendant's interpretation of *Lucas* is erroneous. The due-process violation in *Lucas*, 231 Ill. 2d at 181-82, 897 N.E.2d at 785-86, stemmed from the conflict which exists between the armed-violence statute and section 111-3(c) of the Criminal Procedure Code. In *Lucas*, 231 Ill. 2d at 183, 897 N.E.2d at 786, the court found the State could not use an enhanced misdemeanor as the predicate felony offense for an armed-violence charge without introducing evidence of the prior conviction which served to enhance the original misdemeanor charge to a felony. In other words, the State had to prove in *Lucas* that defendant had committed a *felony* and, while committing the felony, he was armed with a dangerous weapon. The State only proved defendant committed a misdemeanor offense, and thus the armed violence conviction had to be vacated.

¶ 24 B. Sufficiency of the State's Evidence

¶ 25 Defendant next argues the State failed to convict him of "violation of an order of protection–subsequent offense felony" because the crime, as charged, required the State to

prove this was a subsequent-offense felony to the jury as an element of the crime.

¶ 26    A defendant violates an order of protection when he or she commits an act prohibited by an order of protection and he or she had notice of the order. 720 ILCS 5/12-30(a)(1) (West 2008). A conviction for violating an order of protection is a Class 4 felony if the defendant has previously been convicted of, *inter alia*, unlawful restraint. 720 ILCS 5/12-30(d) (West 2008). Section 111-3(c) of the Criminal Procedure Code (725 ILCS 5/111-3(c) (West 2008)) specifically prohibits the State from introducing proof of a prior conviction to the jury and states the fact of such a prior conviction is not an element of the crime charged. We conclude the State was not required to prove the fact of defendant's prior conviction for unlawful restraint to the jury.

¶ 27                             III. CONCLUSION

¶ 28    For the foregoing reasons, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 29    Affirmed.