**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210216-U

Order filed October 21, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0216 Circuit No. 19-CF-18 |
| JOANNE MARGARET SHOEMAKER, | ) ) ) | Honorable Norma Kauzlarich, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices McDade and Daugherity concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The State presented insufficient evidence at sentencing to support the imposition of a Class 4 felony sentence on defendant's driving while license revoked offense.

¶ 2    Defendant, Joanne Margaret Shoemaker, appeals her conviction for driving while license revoked (DWLR). She argues that the State presented insufficient evidence at sentencing to establish that her DWLR offense was subject to a Class 4 felony sentence. We vacate in part and modify the judgment.

¶ 3                                              I. BACKGROUND

¶ 4          The State charged defendant, by information, with DWLR, a Class 4 felony (625 ILCS 5/6-303(d-2) (West 2018)). The information alleged that defendant's license was revoked for driving under the influence (DUI) in violation of section 11-501 of the Illinois Vehicle Code (Code) (625 ILCS 5/11-501 (West 2018)) and that she had previously been convicted of DWLR for a violation under the Code on two prior occasions.

¶ 5          At defendant's jury trial, deputy Russel Beaulieu testified that on January 7, 2019, he effectuated a traffic stop on defendant's vehicle for failing to use her turn signal. During the stop, Beaulieu learned that defendant's license was revoked. The State entered a page of defendant's driving abstract that stated "revocation was in effect on" January 7, 2019. The exhibit does not state the basis for the revocation or indicate when the revocation was instated. The State did not enter any other pages of defendant's driving abstract.

¶ 6          Defense counsel moved for a directed verdict, arguing that the State had not presented "evidence to the Court relating to [defendant's] prior driving revoked to upgrade it to a Class 4 felony from a Class A misdemeanor." The court stated that it "saw the charging instrument, and *** took judicial notice of her prior conviction."[1] The jury found defendant guilty, and the matter proceeded to sentencing.

¶ 7          Defendant's presentence investigation report (PSI) listed her prior criminal history, which included convictions in Iowa for DUI in 2010.[2] In Illinois, defendant received one conviction for

_____

[1]Following the allegation that defendant had two prior DWLR offenses, the information states "(RICO 1900209)." It is unclear whether this notation refers to a prior offense or the nature of that offense. The record is absent any report of proceedings at the time the information was filed, and thus, there is no indication that the State presented two prior convictions necessary to support the charge.

[2]Iowa's statute for operating while intoxicated (Iowa Code § 321J.2 (2010)) is the legal equivalent of DUI in Illinois (625 ILCS 5/11-501 (West 2010)).

driving while license suspended (DWLS), a Class A misdemeanor, in 2011, and two convictions for DWLS in 2018. The DWLS offenses were resolved by a fine only. The PSI contained no other information regarding the status of defendant's driver's license, the basis for defendant's prior license suspensions, or the basis for the present revocation. The State did not enter any additional evidence regarding defendant's driving abstract or prior offenses, suspensions, or revocations.

¶ 8        The court sentenced defendant to two years' imprisonment. Defendant appealed.

¶ 9                                II. ANALYSIS

¶ 10        Defendant argues that the State failed to prove, by a preponderance of the evidence, the sentence enhancing factor that the present DWLR was defendant's third DWLR due to a prior DUI conviction or DUI-based license revocation. Defendant concedes that she did not preserve the error below but asks this court to review the issue under the second prong of the plain error analysis. See *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (to preserve an issue for appellate review, a defendant must both object to the issue at trial and include it in a written posttrial motion).

¶ 11        The first step of the plain error analysis is to determine whether a clear, obvious, or plain error has been committed. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). If the reviewing court finds that a clear or obvious error has occurred, it is defendant's burden to demonstrate that the error is reversible under either the first or second prong of the plain error doctrine. See *People v. Hillier*, 237 Ill. 2d 539, 545 (2010). In the context of sentencing, an error is reversible under the second prong where that error "was so egregious as to deny the defendant a fair sentencing hearing." *Id.*

¶ 12        Defendant was charged with DWLR under section 6-303(d-2) of the Code, which required that the State prove a "third violation of this Section" to warrant the imposition of a Class 4 felony sentence. 625 ILCS 5/6-303(d-2) (West 2018). Specifically,

3

"(1) the current violation occurred when the person's driver's license was suspended or revoked for a violation of Section *** 11-501 of this Code, or a similar out-of-state offense, *** or a statutory summary suspension or revocation under Section 11-501.1 of this Code; and

(2) the prior convictions under this Section occurred while the person's driver's license was suspended or revoked for a violation of Section *** 11-501 of this Code, a similar out-of-state offense, *** or a statutory summary suspension or revocation under Section 11-501.1 of this Code." *Id.* § 6-303(d-2)(1), (2).[3]

¶ 13    Section 6-303(d-2) is a substantive provision that allows the State to seek an enhanced sentence based on a defendant's prior offenses. See *People v. Lucas*, 231 Ill. 2d 169, 180 (2008). The prior offenses are not elements of the offense that the State must prove at trial. *Id.* at 181. Instead, the prior offenses are " 'factors in aggravation' " that the State must prove at sentencing by a preponderance of the evidence. *People v. Owens*, 2016 IL App (4th) 140090, ¶ 37 (quoting *People v. Thompson*, 328 Ill. App. 3d 360, 365 (2002)); *People v. Brown*, 229 Ill. 2d 374, 385 (2008). The basis for defendant's revocation and her prior offenses can be established by certified copies of defendant's prior DWLS or DWLR convictions, defendant's driving abstract, or defendant's PSI. See *People v. DiPace*, 354 Ill. App. 3d 104, 115 (2004); see also 625 ILCS 5/6-303(f) (West 2018).

¶ 14    Here, the State only proved that defendant's license was revoked on the date of the offense by admitting a single page of her driving abstract. The driving abstract does not provide the basis for or date of the revocation. Defendant's PSI shows a 2010 DUI conviction but does not indicate

---

[3]Under the Code, section 11-501 applies to DUI violations and section 11.501.1 applies to driver's license suspensions and revocations related to DUI's.

whether defendant's license was suspended or revoked following that conviction or when the suspension or revocation was instated. *Cf. Owens*, 2016 IL App (4th) 140090, ¶¶ 35, 43 (defendant properly received a felony DWLR enhancement where his PSI established that following two DUI convictions defendant received a mandatory license revocation and the PSI did not show that defendant's license was reinstated following the revocation). The PSI also does not show the basis for the suspensions causing her 2013 and 2018 DWLS convictions, basis for the present revocation, nor any convictions for DWLR. Therefore, the State failed to present any evidence to support the felony enhancement of the offense. We find that this sentencing error deprived defendant of her right to a fair sentencing hearing and is a reversible second prong plain error. See *Hillier*, 237 Ill. 2d at 545. Accordingly, we vacate defendant's felony DWLR conviction and enter a judgment of conviction on the charge of misdemeanor DWLR (625 ILCS 5/6-303(a) (West 2018)). Ill. S. Ct. R. 615(b)(3). Because the two-year sentence ordered by the circuit court exceeds the maximum sentence allowed for a Class A misdemeanor, we reduce defendant's sentence to 365 days. See *People v. Lipscomb*, 2013 IL App (1st) 120530, ¶¶ 12-13.

¶ 15                                    III. CONCLUSION

¶ 16          The judgment of the circuit court of Rock Island County is vacated in part and a modified judgment is entered.

¶ 17          Vacated in part; judgment modified.